PARASRAM RAMBARRAN
9701 MARTINIQUE DR
MIAMI, FL 33189

Exhibit P13

5/3/07

EXPERIAN
P.O. BOX 2002
ALLEN, TX 75013

SS# 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
D.O.B. 1/6/45

I ATTACH A COPY OF MY DRIVERS LICENSE AND A COPY OF MY LIGHT BILL FOR IDENTIFICATION PURPOSES AND ADVISE THAT THE INFORMATION REGARD ACCOUNT No 214902188340 (BANK OF AMERICA) IS INACCURATE AND THEREFORE I DISPUTE SAME.

THE ACCOUNT WAS NEVER CHARGED OFF NOR WAS IT PLACED IN COLLECTION, BUT THE ACCOUNT WAS PAID IN FULL. I ATTACH COPIES OF BANK OF AMERICA LETTERS DATED 9/17/01, 5/25/06, 5/25/06, 5/26/06, UNDATED LETTER RECEIVED 6/2/06 AND 6/7/05.

KINDLY CORRECT THE RECORD IMMEDIATEY AND PROVIDE ME WITH PROOF THAT IT IS DONE.

I TAKE THIS OPPORTUNITY TO REQUEST A COPY OF MY LETTER TO YOU DATED 2/7/06 BECAUSE I AM UNABLE TO LOCATE MY COPY. THIS DOCUMENT IS REQUIRED TO COMPLETE DOCUMENTATION FOR A PENDING COURT MATTER.

YOURS TRULY



Recovery Management
Agency Management

Bank of America, N.A.
275 S. Valencia Avenue
Brea, CA 92823-6340
CA7-701-03-47

Tel 714.792.6292
Fax 714.792.4097

*Exhibet P14*

September 17, 2001

Parasram Rambarran
9701 Martinique Dr.
Miami, FL  33189


Subject:        Account No.: (NABK) 00214902188340

Dear Customer:


This letter is to inform you that the above referenced account was paid.  We have notified the appropriate credit bureaus to update this account to read paid charge-off on your credit profile.

We understand it is taking the bureaus 30-60 days to process the changes.  If the need arises, we suggest you show a prospective lender of credit this letter to confirm the steps taken by Bank of America with regard to your credit profile.


Sincerely,


Julie Galvin
Administrative Assistant


JG/cs

Consumer Finance Services Group, a Division of Bank of America, N.A.
Providing for the Servicing Needs of Bank of America, N.A. and Certain Affiliates
P.O. Box 2276, Brea, CA 92822

*Exhibit P15*

**Bank of America**

Bank of America
PO Box 21846
Greensboro, NC 27420-1846

Fax   336.805.1752
Fax   336.805.1763

Bank of America

June 7, 2005

Mr. Parasram Rambarran
9701 Martinique Drive
Miami, Florida 33189

Re:  Account No. 00214902188340

Dear Mr. Rambarran:

This letter is to confirm that Automated Update Forms have been sent to the (3) credit bureau's (Equifax, Experian, and TransUnion) advising them to report a zero balance on this account as of  October 20, 2000. The account was paid in full on October 20, 2000. The confirmation number is 9520155.

If I can be of further assistance, please call me at 1-800-475-2025, ext. 59468.

Sincerely,

Kaye Gwaltney
Recovery Internal Operations Coordinator
Bank of America



U S A
2000-2004
US Olympic Teams

Exhibit P1b

**Bank of America** 

May 25, 2006

Parasram Rambarran
9701 Martinique Dr.
Miami, FL 33189

Re: xxxxxxxxxx8340

Dear Parasram Rambarran:

Thank you for contacting Bank of America about information contained in your credit bureau report that was provided by Bank of America. We have reviewed your account information, and based on the reason set forth below, we have requested that each credit bureau reporting agency to whom we report (TransUnion, Experian and Equifax) update your file as follows:

An update has been submitted to the credit bureaus to reflect the number of times we reported you 30, 60 or 90 days delinquent on the above referenced account number to show the following: **Remove charge off status and show paid as agreed.**

| Number of Times 30 Days Delinquent | Number of Times 60 Days Delinquent | Number of Times 90 Days Delinquent |
|---|---|---|
| 0 | 0 | 0 |

Please allow 30 to 60 days for the corrected information to reflect on your credit bureau file. **Please keep this letter for your file.** If the need arises, this letter may be shown to a prospective lender to confirm the corrections to the above referenced account number being taken by Bank of America. If we may be of further assistance, please contact our Customer Service Department:

Idaho and Washington Customers:            1-877-459-2808
California Customers:                       1-800-621-1044
East Coast, Midwest and Oregon Customers:  1-800-432-1000

Sincerely,

Credit Bureau Specialist



Member FDIC

Exhibit P17

**Bank of America**

May 25, 2006

Mr. Parasram Rambarran
9701 Martinique Dr.
Miami, FL 33189

**RE:  xxxxxxxx88340**
Credit Bureau Confirmation Number:  14790768

Dear Mr. Rambarran:

Thank you for contacting Bank of America about information contained in your credit bureau report that was provided by Bank of America.  We have reviewed your account information, and based on the reason(s) set forth below, we have requested that each credit bureau reporting agency to whom we report Experian/Equifax/Transunion update your file as follows:

**Paid in full/Current**

An update has been submitted to the credit bureaus to report this account as current with a balance and paying as agreed.

Please allow 30 days for the corrected information to reflect on your credit bureau file. **Please keep this letter for your file.** If the need arises, this letter may be shown to a prospective lender to confirm the corrections to the above referenced account number being taken by Bank of America.

CROG Consumer Disputes

Member FDIC



**Bank of America**

BANK OF AMERICA, N.A.                                    Exhibit P18
PO BOX 23500
GREENSBORO, NC  27420-3500

PARASRAM RAMBARRAN                  Account Number:    00214902188340
9701 MARTINIQUE DR                  Payoff Date:       10/20/00
MIAMI, FL  33189                    Interest Paid 2000:  $.00

Dear Valued Customer:

Congratulations.  Your account shown above is paid in full.  The items checked below may
require you to take action or may provide you with important information.

_✓_  No documents are enclosed.

___  Our records indicate that the last payment made on the account resulted in an
     overpayment.  Enclosed is a cashier's check for that amount.

___  The cancellation of lien for your mortgage is in the process of completion.
     The canceled document should be sent to you or to the party you requested within
     ninety (90) days.

___  The collateral that was pledged as security on your loan is enclosed.

___  Documents have been submitted to the Department of Motor Vehicles to release the lien
     on your title.  A new title will be sent to you in approximately sixty (60) days.

___  Enclosed are the documents to release Bank of America as lienholder.  You must file
     these documents in the county tax office or your local Department of Motor Vehicles
     to obtain a title without our lien.

___  The title to your motor vehicle has been forwarded to the third party that paid off
     your loan.

___  The information needed to obtain a title on your vehicle is in the process of
     completion.  You will be contacted within thirty (30) days.

___  The security interest on your savings account or certificate of deposit that secured
     your loan has been released.

___  Documents have been submitted to the National Vessel Documentation Center to release
     the lien on your vessel.  The satisfaction of mortgage will be sent to you in
     approximately ninety (90) days.

___  Documents have been submitted to the Wildlife and Marine Resources Department to
     release the lien.  A new title will be sent to you in approximately sixty (60) days.

___  Documents have been submitted to the FAA to release the lien on the aircraft that was
     pledged as security.

We appreciate your business and look forward to serving your future financial needs.
If you have any questions, please call us at 1.800.432.1000.

Exhibit P19

**Bank of America**

## FAX SHEET

To: Mr. Rambarran          From: Sharon Titcher

Attention: _____          Department: Bank of America

Telephone Number: _____          Telephone Number: 800 475-2025 x63416

Fax Number: 305-235-9419          Fax Number: 336- 805- 1752

Date: 6-7-05          If transmissions problems occur please call

Number of page( ) including cover sheet



Bank of America
PO Box 21846
Greensboro, NC 27420-1846

Fax   336.805.1752
Fax   336.805.1763

Bank of America

June 7, 2005

Mr. Parasram Rambarran
9701 Martinique Drive
Miami, Florida 33189

Re: Account No. 00214902188340

Dear Mr. Rambarran:

This letter is to confirm that Automated Update Forms have been sent to the (3) credit bureau's (Equifax, Experian, and TransUnion) advising them to report a zero balance on this account as of October 20, 2000. The account was paid in full on October 20, 2000. The confirmation number is 9520155.

If I can be of further assistance, please call me at 1-800-475-2025, ext. 59468.

Sincerely,

Kaye Gwaltney
Recovery Internal Operations Coordinator
Bank of America

U S A
US Olympic Team

** TOTAL PAGE.02 **

Exhibit P20

# EXHIBIT "A"

Case No. 07-21798-CIV-HUCK/SIMONTON
Statement of Claim.

03/12/2008

Plaintiff's claim for damages is as follows.

A(i) Increase Cost

In view of my inability to purchase the business Condo at 10391 SW 186th Street, Miami, Fl 33157 in 2002 for a price of $90,000 due to Bank of America's negative reporting of derogatory information to the credit reporting agencies and their failure to make the necessary correction. I also could not purchase the said property again for $130,000 in late 2003, and also in January 2004 for $155,000. Instead I eventually purchased same in July 2007 for $230,000. (See attached Settlement Statement and Dade County detailed property report.)

As a result I am claiming the sum of $302,507.62 representing the increased interest cost that has been incurred and will be incurred over a 30 year mortgage period plus interest. (See attached Amortization Schedules)

(ii) The difference in the price between the first opportunity to purchase the property for $90,000 and the eventual purchase by me at a price of $230,000 in the amount of $140,000 plus interest.

(iii) Excessive interest paid on credit cards and other credit facilities due to derogatory credit score in the amount of $20,000.

(B) Lost Profits.

(i) Lost profit that should have been earned from the rental of the business Condo at 10391 SW 186 Street, Miami, FL 33157 from March 2006 until purchase by me on 7/02/2007.

(ii) Potential lost profit from August 1, 2007 for the term of the mortgage in the sum of $140,000 plus interest.

(C) $100,000.00 plus interest for the transfer of 1/3 interest in his home to Ferisha Ali. The home at that time was valued at $300,000.00. Due to plaintiff's inability to acquire much needed capital/credit, he could no longer make mortgage payments and thus Ms. Ali in exchange for 1/3 interest in the property, undertook 100% of the mortgage payments.

(D) Punitive Damages

(i) Embarrassment. Plaintiff had to terminate his wife's employment from his company because plaintiff could no longer pay her weekly salary of $150.00 per week. Plaintiff's wife at the age of 58, was forced to go back to school where she had to retrain for a job as an after school substitute teacher. This resulted in adverse reaction from Plaintiff's friends, family, and customers inquiring as to plaintiff's wife's whereabouts and rumor ranging from plaintiff having had fired his wife to plaintiff having had divorced his wife.

03/18/2008  20:41   3052359519                    AMITY GROUP INC                          PAGE  03/10
Case 1:07-cv-21798-AMS   Document 33-2   Entered on FLSD Docket 03/21/2008   Page 3 of 10
Case 1:07-cv-21798-AMS   Document 46-1   Entered on FLSD Docket 04/14/2008   Page 11 of
65

Plaintiff's inability to pay expenses on time such as mortgage payments, telephone, electric, and other expenditures caused Plaintiff to develop a bad image.

(ii) <u>Mental and Physical Distress.</u> The problems arising out of plaintiff's predicament of not being able to secure credit facilities to pay for the maintenance of his home and family resulted in tremendous stress which affected his health so much so plaintiff suffered two major heart attacks. Plaintiff suffered both mental and emotional distress due to his inability to make the mortgage payments, forcing him to transfer part of his interest in his home to Ferisha Ali, his niece, in exchange she took over the mortgage payments. After plaintiff first heart attack, he was told he could not return to work by his doctor. After the second heart attack the doctors reiterated plaintiff could no longer work. Plaintiff unsuccessfully attempted to sell the business. A sale was not achieved because of the non viability of the business due to Plaintiff not being able to obtain the necessary credit and/or capital resources for the business to thrive and function effectively and profitably.

(iii) <u>Harassment</u> On or about 05/01/06 over five years after the loan was paid in full and letters were sent to Plaintiff by Bank confirming the loan was paid in full Plaintiff received two phone calls at his home from employees of Bank. The first caller advised Plaintiff that he owed Bank an amount of $125.25 and Plaintiff denied owing Bank. Plaintiff requested that a written request be sent to him for the alleged debt. The second call came about an half an hour later and the person demanded payment of $186.83 and when Plaintiff denied that he owed Bank he requested the callers name and she refused. She then stated that if payment of the amount of $186.83 is not made the matter would be reported to the credit reporting agencies. Plaintiff again demanded that bank make the request in writing.

When considering the problems Plaintiff had experienced in obtaining information from Bank that is the subject of this action and the fact that Bank was threatening to make an additional negative report to the Credit Reporting Agencies. The situation made Plaintiff distressful and caused him great anxiety.

The total claim for punitive damages is $5,620,060.96. This amount represents eight times the total amount of actual damages stated above and is accordance with discussion held with Christopher Drury of Liebler, Gonzalez & Portuondo, P.A.

Under penalty per jury the above written statements are true to the best of my knowledge.

Parasram Cecil Rambarran.

MASON HARRIS
MY COMMISSION #DD346726
EXPIRES: SEP 25, 2008
Bonded through 1st State Insurance

3.13.08



**Reports:** DADE DETAIL REPORT                    Filter: Show selected

### DADE COUNTY PROPERTY

- Hide text
- Tax
- Other Tax
- Map View
- Driving Directions
- History
- Listing

| | | | |
|---|---|---|---|
| FOLIO | 30-60-05-074-0090 | PADDR | 10391 / SW / 186 / ST / |
| CO-USE | 18 / CONDO COMMERCIAL | PCITY | MIAMI |
| ZONING | 71 / IND LIGHT MFG | SUBDV | QUAIL ROOST BUSIN |
| ST-USE | 41 / LIGHT MANU | LIEN?    TAX CRT?    LIS PI | |

#### OWNER NAME & ADDRESS

| | | |
|---|---|---|
| LAST | RAMBARRAN | OADDR 9701 / MARTINIQUE / I |
| FIRST | PARASRAM C | OCITY CUTLER BAY |
| OTHER | | COMPANY |

#### LAND INFORMATION

| | | | |
|---|---|---|---|
| FRONT FT | DEPTH FT | LOT | BLOCK |
| LND SQFT | LND ACRE | WATERFRONT | |
| S/LANDSF | S/ADJSF | $ 121.050 | S/TOTLSF |

#### BUILDING INFORMATION

| | | | |
|---|---|---|---|
| ADJSQFT | 1,900 | TOTSQFT | NUM UNITS |
| BEDROOMS | | BATHRMS | HALF BATHS |

#### LEGAL DESCRIPTION

| | | | |
|---|---|---|---|
| 1 | QUAIL ROOST BUSINESS CENTRE COP | 4 | INT I |
| 2 | UNIT 1-J | 5 | OFF |
| 3 | UNDIV 2.55 % | 6 | OR 20 |

#### TAX & ASSESSMENT INFORMATION

| ASSESSMENTS (2006) | | DISTRICTS | | EXEMPTIONS | | | | A |
|---|---|---|---|---|---|---|---|---|
| Land | | Water | N | Homestd | N | Widow | N | C |
| Imprv | $ 120,530 | Road | N | Veteran | N | Disabld | N | C |
| Total | $ 120,530 | Sewer | N | Exempt | N | Senior | N | M |
| Prev | $ 109,570 | Light | N | School | N | Exmpt | | G |
| MillRt | 20.75 | | | Markt Val | $120,530 | NonEx | $ 120,530 | PI |

#### TAX PAYMENT INFORMATION

| | PAY DATE | AMOUNT | PAYMENT DESCRIPTION | TOTAL PAID |
|---|---|---|---|---|
| #1 | 12/19/06 | $ 2425.600 | FULL RE PAYMENT | $ 2,425 |
| #2 | | | | |
| #3 | | | | TOTAL TAX D |
| #4 | | | | |
| #5 | | | | |
| #6 | | | | |

#### SALES INFORMATION

| | DEED | RECORDED | PRICE | D-TYPE | OR BK-PG |
|---|---|---|---|---|---|
| CURR | 07/02/07 | 07/20/07 | $ 230,000 | | 25792-1240 |
| PREV | 01/29/04 | 01/29/04 | $ 155,000 | | 22198-3870 |
| EARL | 07/15/02 | 07/31/02 | $ 130,000 | | 20563-2617 |

#### MLS HISTORY

| | | | |
|---|---|---|---|
| MLS 11/12/01 | $ 850 | MLS# D948202 | |

#### MORTGAGE INFORMATION

| MORT-DATE | AMOUNT | MORTGAGE COMPANY |
|---|---|---|

☑ Selected                    1 of 225 selected

Results    Criteria    Print

MLXchange

http://sef.mlxchange.com/

Signed in as: LEONIE ROBERTS

| Home | Clients | Search | Tax | Hotsheet | CMA | Reports | Settings | Tools | Help |

| | | | | | | | Sign out | | |

DADE DETAIL REPORT

# DADE COUNTY PROPERTY

| FOLIO | 30- 60 -05- 074-0090 | PADDR. 10391 / SW / 186 / ST / L3 | PZIP CD 33157- 6824 |
| CO-USE | 18 / CONDO COMMERCIAL | PCITY MIAMI | |
| ZONING | 71 / IND LIGHT MFG | SUBDV QUAIL ROOST BUSINESS CENTRE CONDO | |
| ST-USE | 41 / LIGHT MANU | LIEN? TAX CRT? L18 PEND? UPDATE 08/09/07 | |

### OWNER NAME & ADDRESS

| LAST | RAMBARAN | OADDR. 9701 / MARTINIQUE / DR |
| FIRST | PARASRAM C | OCITY CUTLER BAY FL OZIP CD 33189 |
| OTHER | | COMPANY |

### LAND INFORMATION

| FRONTFT | | DEPTH FT | LOT | BLOCK | PBK-PG |
| LND SQFT | | LND ACRE | WATERFRONT | | OR BK-PG 14805-556 |
| $/LANDSF | | $/AD.ISF $ 121,050 | $/TOTLSF | | AV RATIO 1.91 |

### BUILDING INFORMATION

| ADJSQFT 1,900 | TOTSQFT | NUM UNITS | YEAR BLT 1990 |
| BEDROOMS | BATHRMS | HALF BATHS | NUM FLRS |

### LEGAL DESCRIPTION

| 1 | QUAIL ROOST BUSINESS CENTRE CO | 4 | INT IN COMMON ELEMENTS |
| 2 | UNIT 1-J | 5 | OFF REC 14805-556 |
| 3 | UNDIV 2.55 % | 6 | OR 20563-2617 0702.1 |

### TAX & ASSESSMENT INFORMATION

| ASSESSMENTS (2006) | | DISTRICTS | | EXEMPTIONS | | AUTHORITY/TAX AMOUNT(2006) | |
|---|---|---|---|---|---|---|---|
| Land | $ 120,530 | Water | N | Homstd N | Widow N | COUNTY TAX | $ 2,501 |
| Imprv | $ 120,530 | Road | N | Veteran N | Disabld N | CITY TAX | |
| Total | $ 109,570 | Sewer | N | Exempt N | Senior N | MISC TAX | |
| Prev | $ 109,570 | Light | N | Exempt Exempt | GROSS TAX | $ 2,501 |
| MillRt | 20.75 | Mark't Val $120,530 | School | N | NonEx $ 120,530 | PREV TAX | $ 2,336 |

### TAX PAYMENT INFORMATION

| PAY DATE | AMOUNT | PAYMENT DESCRIPTION | TOTAL PAID | BALANCE DUE |
| #1 12/19/06 | $ 2,425,600 | FULL RE PAYMENT | $ 2,425.60 | $ 0.00 |
| #2 | | | | |
| #3 | | | | |
| #4 | | | | |
| #5 | | | | |
| #6 | | | | |

TOTAL TAX DELINQUENT

12/11/2007

# Amortization Schedule

*Amortization Schedule For:*     Parasram Rambarran

*Property Address:*     10391ew 186 st Miami, FL 33157

*Prepared For:*

*Provided By:*     THE MORTGAGE CENTER OF AMERICA
5767 NW 151st ST. MIAMI LAKES, FL 33014
(P) 305-557-7700/ (F) 305-557-7701

**Loan Program:** *30 YEAR FIXED*

| Loan Amount | $ 180,000 | Buydown: | Rate | Term |
|---|---|---|---|---|
| Interest Rate | 11.000 % | | | |
| Term/Due In | 360/360 months | | | |
| 1st PMT Date | | | | |
| Qual Rate | | | | |
| APR | 11.476 % | | | |

| Rate Adjustment | | Payment Adjustment | |
|---|---|---|---|
| First Adj. Cap | | First Adj. Cap | |
| First Change | | First Change | |
| Adjust Cap | | Recast Period | |
| Adjust Period | | Recast Stop | |
| Life Cap | | Max Balance | |
| Margin | | Interest Only | |
| Index | | GPM  Rate | |
| Rounding | | Term | |

**Summary**

| No | Pmt Date | Int Rate | Monthly Payment | Principal Paid | Interest Paid | Mtg Insurance | Balance |
|---|---|---|---|---|---|---|---|
| | | | | | | | 1,704.71 |
| 359 | | 11.000 | 1,714.18 | 178,295.29 | 437,095.33 | | 0.00 |
| 1 | | 11.000 | 1,720.34 | 1,704.71 | 15.63 | | 0.00 |
| TOTAL | | | 617,110.98 | 180,000.00 | 437,110.96 | | |

CALYX Form Amort: Ins. 15/88

## Amortization Schedule

*Amortization Schedule For:*    Parasram Rambarran

*Property Address:*    10391sw 186 st Miami, FL 33157

*Prepared For:*

*Provided By:*    THE MORTGAGE CENTER OF AMERICA
5767 NW 151st ST. MIAMI LAKES, FL 33014
(P) 305-557-7700/ (F) 305-557-7701

**Loan Program:** *30 YEAR FIXED*

| | | | | |
|---|---|---|---|---|
| Loan Amount | $ 82,000 | Buydown: | Rate | Term |
| Interest Rate | 8.000 % | | | |
| Term/Due In | 360/360 months | | | |
| 1st PMT Date | | | | |
| Qual Rate | | | | |
| APR | 8.622 % | | | |

| Rate Adjustment | | Payment Adjustment | |
|---|---|---|---|
| First Adj. Cap | | First Adj. Cap | |
| First Change | | First Change | |
| Adjust Cap | | Recast Period | |
| Adjust Period | | Recast Stop | |
| Life Cap | | Max Balance | |
| Margin | | Interest Only | |
| Index | | GPM    Rate | |
| Rounding | | Term | |

### Summary

| No | Pmt Date | Int Rate | Monthly Payment | Principal Paid | Interest Paid | Mtg Insurance | Balance |
|---|---|---|---|---|---|---|---|
| | | | | | | | 592.98 |
| 359 | | 8.000 | 601.69 | 81,407.02 | 134,599.89 | | 0.00 |
| 1 | | 8.000 | 596.93 | 592.98 | 3.95 | | 0.00 |
| TOTAL | | | 216,803.84 | 82,000.00 | 134,603.84 | | |

CALYX Form Amortz.frm 10/98

9701 MARTINIQUE DR
MIAMI, FL 33189

EXPERIAN
TRANSUNION
EQIFAX

2/7/06

Exchibet P21

SS# 591788905
DATE OF BIRTH  1/6/45.

I ATTACH A COPY OF MY DRIVERS LICENSE
AND A COPY OF MY TELEPHONE AND LIGHT BILL
FOR IDENTIFICATION PURPOSES

I HAVE BEEN ADVISED BY BANK OF AMERICA
THAT THEY INFORMED YOU BY LETTER THAT A
CHARGED OFF ACCOUNT ON MY CREDIT REPORT
(NO 21490 2188340) WAS PAID OFF ON 10/20/00.

KINDLY CONFIRM WHETHER YOU DID RECEIVE
SUCH NOTIFICATION AND, IF SO, THE DATE(S) YOU
WERE NOTIFIED.

YOUR EARLY RESPONSE WOULD BE APPRECIATED.

YOURS VERY TRULY

PARASRAM CECIL RAMBARRAN

PARASRAM A. ROOPNARINE
9201 MARTINIQUE DR
MIAMI, FL 33189

5/3/07

Exhibit P 22

EQUIFAX
P.O. BOX 740241
ATLANTA, GA 30874

SS # 591 78 8905
D.O.B. 1/6/45

I ATTACH A COPY OF MY DRIVERS LICENSE AND
A COPY OF MY LIGHT BILL FOR IDENTIFICATION
PURPOSES AND ADVISE THAT THE INFORMATION
REGARD ACCOUNT No 214902188340 (BANK OF
AMERICA) IS INACCURATE AND THEREFORE I DISPUTE SAME.

THE ACCOUNT WAS NEVER CHARGED OFF NOR WAS
IT PLACED IN COLLECTION, BUT THE ACCOUNT WAS
PAID IN FULL. I ATTACH COPIES OF BANK OF AMERICA
LETTERS DATED 9/17/01, 5/25/06, 5/25/06, 5/26/06, UNDATED
LETTER RECEIVED 6/2/06 AND 6/7/05.

KINDLY CORRECT THE RECORD IMMEDIATELY AND
PROVIDE ME WITH PROOF THAT IT IS DONE.

I TAKE THIS OPPORTUNITY TO REQUEST A COPY OF MY
LETTER TO YOU DATED 2/7/06 BECAUSE I AM UNABLE TO
LOCATE MY COPY. THIS DOCUMENT IS REQUIRED TO COMPLETE
DOCUMENTATION FOR A PENDING COURT MATTER.

YOURS TRULY

PARASRAM RAMBARRAN
9701 MARTINIQUE DR
MIAMI, FL 33189

Exhibit P23

5/3/07

EXPERIAN
P.O. BOX 2002
ALLEN, TX 75013

SS # 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
D.O.B. 1/6/45

I ATTACH A COPY OF MY DRIVERS LICENSE AND A COPY OF MY LIGHT BILL FOR IDENTIFICATION PURPOSES AND ADVISE THAT THE INFORMATION REGARD ACCOUNT NO 214902188340 (BANK OF AMERICA) IS INACCURATE AND THEREFORE I DISPUTE SAME.

THE ACCOUNT WAS NEVER CHARGED OFF NOR WAS IT PLACED IN COLLECTION, BUT THE ACCOUNT WAS PAID IN FULL. I ATTACH COPIES OF BANK OF AMERICA LETTERS DATED 9/17/01, 5/25/06, 5/25/06, 5/26/06, UNDATED LETTER RECEIVED 6/2/06 AND 6/7/05.

KINDLY CORRECT THE RECORD IMMEDIATELY AND PROVIDE ME WITH PROOF THAT IT IS DONE.

I TAKE THIS OPPORTUNITY TO REQUEST A COPY OF MY LETTER TO YOU DATED 2/7/06 BECAUSE I AM UNABLE TO LOCATE MY COPY. THIS DOCUMENT IS REQUIRED TO COMPLETE DOCUMENTATION FOR A PENDING COURT MATTER.

YOURS TRULY

[signature]

Exhibit P24

PARASRAM RAMBARRAN
9701 MARTINIQUE DR
MIAMI, FL 33189

5/3/07

TRANSUNION
PO BOX 2000
CHESTER, PA 19022

SS # 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
D.O.B. 1/6/45

I ATTACH A COPY OF MY DRIVERS LICENSE AND A COPY OF MY LIGHT BILL FOR IDENTIFICATION PURPOSES AND ADVISE THAT THE INFORMATION REGARD ACCOUNT NO 214902188340 (BANK OF AMERICA) IS INACCURATE AND THEREFORE I DISPUTE SAME. THE ACCOUNT WAS NEVER CHARGED OFF NOR WAS IT PLACED IN COLLECTION, BUT THE ACCOUNT WAS PAID IN FULL. I ATTACH COPIES OF BANK OF AMERICA LETTERS DATED :!17/01, 5/25/06, 5/25/06, 5/26/06, UNDATED LETTER RECEIVED 6/2/06 AND 6/7/05.

KINDLY CORRECT THE RECORD IMMEDIATELY AND PROVIDE ME WITH PROOF THAT IT IS DONE.

I TAKE THIS OPPORTUNITY TO REQUEST A COPY OF MY LETTER TO YOU DATED 2/7/06 BECAUSE I AM UNABLE TO LOCATE MY COPY. THIS DOCUMENT IS REQUIRED TO COMPLETE DOCUMENTATION FOR A PENDING COURT MATTER.

YOURS TRULY

[signature]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

CASE NO. 07-21798-CIV-HUCK/SIMONTON

PARSARAM RAMBARRAN                         CONSENT CASE

Plaintiff                         U.S. Magistrate Judge Andrea M, Simonton

vs.

BANK OF AMERICA CORP., d/b/a BANK OF AMERICA, N.A.

Defendant                                    Exhibet P25

_____/

NOTICE OF FILING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING
PRODUCTION OF DOCUMENTS FROM BANK OF AMERICA; EQUIFAX
INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC
AND TRANS UNION LLC.

PARASRAM RAMBARRAN Plaintiff pro se hereby notifies this
Honorable Court of the filing of the attached Motion for an order compelling production
of documents from Bank of America, Equifax information services LLC, Experian
Information Solutions, Inc. and Trans Union LLC.

Respectfully submitted,

_____

PARASRAM RAMBARRAN
E-Mail: cecilram@bellsouth.net
9701 Martinique Drive,
Miami, FL 33189
Tel: (305) 233-3814 / Fax: (305) 235-9619

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 31st day of March 31,2008, I filed the foregoing with the
Clerk of the Court. I futher certify that I served the foregoing document by fax to J.
Randolph Liebler, Liebler, Gonzalez & Portuondo, P.A., Courthouse Tower- 25th Floor,
44 West Flagler Street, Miami, Fl 33130.

PARASRAM RAMBARRAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO..:07-21798- CIV- HUCK- SIMONTON

PARASRAM RAMBARRAN,

      Plaintiff,                                CONSENT CASE

v.

BANK OF AMERICA, N.A.

      Defendant,

## PLAINTIFF'S MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS FROM BANK OF AMERICA, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANS UNION LLC.

     **COMES NOW** Plaintiff, pro se and files Plaintiff's Motion to Compel Bank of America Corporation., d/b/a Bank of America ("Bank of America"), Equifax Information Services LLC,("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") respectively as follows:

1. On January 10, 2008, the Honorable Magistrate Andrea M. Simonton issued an order that required [certain documents] had to be provided to Bank of America (herein after referred to as "Bank") by February 8, 2008.

2. "Equifax" and "Trans Union" have failed to provide all documents requested and discoverable. Specifically, all written communications between Bank, Equifax, and

Trans Union which relates to plaintiff's matter before this Court. Equifax and Trans Union have supplied some information but have failed to provide complete transactions and communications between Equifax, Trans Union, and Bank, which relate to the matter before this Court. Plaintiff has in his possession, information that suggests that documents that are in existence, and are discoverable, have not been provided as ordered and requested.

3. Bank, like Equifax and Trans Union, has also failed to provide all documents requested and discoverable. Specifically, all written communications between Bank, Equifax, Experian, and Trans Union which relates to plaintiff's matter before this Court. Bank has supplied some information but has failed to provide complete transactions and communications between Bank, Trans Union Experian, and Equifax. Plaintiff has in his possession, information that suggests that documents that are in existence, and are discoverable, have not been provided as Ordered and requested.

4. As of this date, "Experian" has completely failed to provide any documents as ordered on January 10, 2008, and has failed to provide any objections.

5. Due to Equifax, Trans Union, Experian, and Bank's failure to comply with this Court's January 10, 2008, order, Plaintiff is prejudiced and unable to properly prepare his case. Plaintiff's claim of action is based on Bank's failure to comply with FCRA. Plaintiff believes that the requested documents will show Bank's liability and is essential to establishing Plaintiff's case against Bank.

6. It is the Plaintiff's position that Bank and/or Equifax and/or Trans Union and/or Experian are willfully withholding vital documentation necessary for Plaintiff to successfully prosecute his action against Bank.

**WHEREFORE**, Plaintiff requests an order compelling (1) Bank to produce authenticated copies of all documents and things which are responsive to Judge Andrea M. Simonton's order pertaining to this matter including but not limited to all communications between Bank and the Credit Reporting Agencies Equifax, Trans Union and Experian; and (2) Equifax, Trans Union, and Experian to produce authenticated copies of all documents and things which are responsive to Judge Andrea M. Simonton's order pertaining to this matter but not limited to written communication s between each perspective credit reporting agency and Bank.

PARASRAM RAMBARRAN
9701 Martinique Drive
Miami, Fl 33189
(305) 233-3814

## CERTIFICATION OF SERVICE

The undersigned certifies that a copy hereof has been furnished to J. Randolph Liebler, Liebler, Gonzalez & Portuondo, P.A., Courthouse Tower-25[th] Floor, 44 West Flagler Street, Miami, Fl 33130 on March 31, 2008.

PARASRAM RAMBARRAN

Exhibet P26

9701 Marsrispe Dr
Miami, FC 33189

8/15/06

Judy Kelle; AVP.
Bank of Americ Corporation
Customer Relations.
PO Box 21991
Greensboro, NC 27420-1848

Dear Judy Kelle

Account xxxxxxxxx 8340

I REFER TO YOUR LETTER DATED 8/8/06 and
submit my response as follows:

1. Regarding point 1 I refute your
argument I still owe the bank $202.90.
and am of the view you are not fully
familiar with all the facts. I am therefore
referring you to the bank's letter dated
10/3/00 which is clear and precise as to the
balance which was due and which was paid
in full as admitted by you in your previous
letter (See Copy attached)

2. I refuse to communicate with the person
you provided me in paragraph 2 of your
letter because I have been requesting
the information for well over 6 months.
So to now ask me to do so is in my

Kindly request you provide me with the documents I seek and have been requesting time and time again without success. This is my last request and let it not be said I have not acted reasonably in this matter

You stated in your last letter that it was the bank's final response but if the bank fail to compromise the matter I will have no alternative but to take action for damages including punitive damage for the losses I have suffered over the last 5-6 years by my company and I which arose out of the negligence of the bank

Finally I am giving the bank another opportunity to review the matter in the light of the above and if I do not hear from you within 10 days I will assume you consider the matter closed thereby forcing me to do whatever is necessary to protect my interest.

Sincerely,

Paramram Cecil Rambarran

cc. Executive Office
CC McNeyis9 Fonseca
customer

continued

am not attempting to reestablish or amend my credit file. This has already been done in January 2006 after receiving your letter dated 6/7/05 I reiterate the account was paid in full in 2000 and no attempt was made by the bank since October 2000 to recover any allege debt I owe the bank, until earlier this year when I received two calls within half an hour of each other demanding I Pay $186.83 and $125.24 respectively, and I was advised that if I did not pay the amount of $125.24 the matter would be reported to the Credit Bureau agencies. Now based on your letter I am told I owed the bank $202.90 your two employees called me for two other amounts. Please tell me what is going on. This fact was already provided to you see my letter dated 5/2/06

# experian

**Prepared for**
PARSROM CECIL RAMBARRAN

**Report date**
February 17, 2006

**Report number**
1191.668671

www.experian.com/disputes
Call 800.509.8495

Page 1 of 14

*(handwritten) Rsmd 2/24/06*

```
3-DIGIT 331
••••••••••••••••••
0000454  2 AT 0.545 L 491
PARSROM CECIL RAMBARRAN
9701 MARTINIQUE DR
MIAMI FL 33189-1735
```

## Dear PARSROM CECIL RAMBARRAN,

To assist you in understanding your correction summary, we have provided additional information that relates directly to items on your personal credit report.

BANK OF AMERICA
21490218....
PLEASE REFER TO YOUR CREDIT REPORT FOR UPDATE

*(handwritten) 2/24/06 Called Experian and advised discrepancy I was disputing 214-902-18 — Exhibit P27*

If you question the results of our investigation, then you may want to contact the data furnisher directly. Please refer to your original personal credit report for the business name, address, and phone number (if available) of the source that verified the information.

A national consumer credit reporting company stores information from credit grantors and public records, including bankruptcies, judgments and liens. Potentially negative information, such as missed payments and most public record items remain on the personal credit report for up to seven years from the date of the original missed payment, with the exception of Chapters 7, 11 and 12 bankruptcies, which remain for up to 10 years, and unpaid tax liens, which remain for up to 15 years (up to 10 years for California residents). A paid tax lien will remain for up to seven years. Positive information may remain on the report indefinitely, although paid closed accounts generally display for up to 10 years. Requests for your credit history remain on your personal credit report for at least two years.

We store information from credit grantors, public records and other reliable sources following the guidelines in the Fair Credit Reporting Act. Your payment history is stored in the records of consumer credit reporting companies. If you believe the information in your personal credit report is inaccurate, then we will investigate and correct or remove any inaccurate information or information that cannot be verified. Accurate information cannot be changed or deleted.

According to the Fair Credit Reporting Act (FCRA), a national consumer credit reporting company's role in the dispute process is to investigate information to determine the accuracy and completeness of any disputed item by contacting the source of the disputed information and informing them of all relevant information regarding the consumer's dispute. If the issue is not resolved, then the consumer credit reporting company must offer to include a consumer statement on the personal credit report. The Federal Trade Commission (the government agency charged with enforcement of the FCRA) does not require that the consumer credit reporting company obtain documentation such as the actual signed sales slips, signature cards, contracts, etc., nor does it require that consumer credit

# experian

**Prepared for**
PARSROM CECIL RAMBARRAN
**Report number**
1195668671

**Report date**
February 17, 2006
www.experian.com/disputes
Call 800 509 8495

**Page 2 of 14**

reporting companies act as mediators or negotiators in account disputes.

There is nothing a credit repair company can do for you, including removing inaccurate credit information, that you can't do for yourself for free. We believe it is important to supply you with information about specific credit repair laws.

The Credit Repair Organization Act, a federal law, prohibits credit repair companies from taking consumer's money until they have fully completed the services they promised. It also requires such firms to provide consumers with a written contract stating all the services to be provided and the terms and conditions of payment. Under this law, consumers also have three days to withdraw from the contract.

Sincerely,

Experian
NCAC
PO BOX 9701
Allen TX 75013



# experian

**Prepared for**
PARSROM CECIL RAMBARRAN

**Report number**
1195668671

**Report date**
February 17, 2006

www.experian.com/disputes

## Investigation results

### About our dispute verification process

This summary shows the revision(s) made to your credit file as a result of the verification we recently completed. If you still question an item, then you may want to contact the source of the information.

The federal Fair Credit Reporting Act states that you may:

- request a description of how we verified the information, including the business name and address contacted and the telephone number if reasonably available.
- add a statement disputing the accuracy or completeness of the information; and
- request that we send these results to organizations who have reviewed your credit report in the past two years for employment purposes or six months for any other purpose.

If no information follows, our response appeared on the previous page.

### How to read your results

**Deleted** - This item was removed from your credit report.

**Remains** - This item has been verified as accurate or remains on this credit report.

**Updated** - A change was made to this item; review this report to view the change

**Reviewed** - This item was either updated or deleted; review this report to learn its outcome

## Items we investigated

We completed investigating the items you disputed with the sources of the information. Here are the results:

Visit experian.com/status to check the status of your pending disputes at any time

### If you have questions

For the fastest and easiest way to dispute visit:
experian.com/disputes
or call: 800 509 8495.

Dispute services are available 24 hours a day, seven days a week.

Contact us within 90 days from the date on this report and be sure to have your report number.

**To order a copy of your Experian Credit Score, visit experian.com or call 1 888 322 5583.**

**Protect and manage your credit with Credit Manager, www.creditexpert.com**

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

# experian

**Prepared for**
PARSROM CECIL RAMBARRAN
**Report number**
1195668671

**Report date**
February 17, 2006
www.experian.com/disputes
Call 800 509 8495

**Page 4 of 14**

## Information affecting your creditworthiness

Items listed with dashes before and after the number, for example --1--, may have a potentially negative effect on your future credit extension, and are listed first on the report.

Credit grantors may carefully review the items listed below when they check your credit history. Please note that the account information connected with some public records, such as bankruptcy, also may appear with your credit accounts listed later in this report.

## Credit items

| Source/ Account number (except last few digits) | Date opened/ Reported since | Date of status/ Last reported | Type/ Terms/ Monthly payment | Responsibility | Credit limit or original amount/ High balance | Recent balance/ Recent payment | Status Details |
|---|---|---|---|---|---|---|---|
| **--2-- BANK OF AMERICA** 4161 PIEDMONT PKWY GREENSBORO NC 27410 (800) 451-6362 2149021 8...... | 7-1998/ 7-1998 | 10-2000/ 10-2000 | Installment/ 24 Months/ NA | Individual | $2,176 / NA | NA/ | Status: Paid. Closed/Account charged off. $202 written off. Account history: Charge Off as of Oct 2000, 30 days as of Sep 2000 |
| **--2-- CAP ONE BK** PO BOX 850 15 RICHMOND VA 23285 (800) 903-3637 4121741 3 1 366...... | 7-1994/ 9-1994 | 10-2004/ 10-2004 | Revolving/ NA/ NA | Individual | NA/ $1,676 | NA/ | Status: Paid. Closed/Current. was past due 90 days. Account history: 90 days as of May 2001, Sep 2000 60 days as of Apr 2001, Nov 2000, Aug 2000, Mar 2000 30 days as of Sep 2004, Dec 2003, Apr 2003, Mar 2001, Jan 2001, Oct 2000, Jul 2000, Feb 2000, Oct 1999 Comment: "Account closed at consumer's request" |

**experian**

**Prepared for**
PARSROM CECIL RAMBARRAN

**Report number**
1195668671

**Report date**
February 17, 2006
www.experian.com/disputes
Call 800 509 6495

Page 5 of 14

## Credit items continued

| Source Account number (except last few digits) | Date opened/ Reported since | Date of status/ Last reported | Type Terms Monthly payment | Responsibility | Credit limit or original amount/ High balance | Recent balance Recent payment | Status Details |
|---|---|---|---|---|---|---|---|
| **3- CITI**<br>PO BOX 6241<br>SIOUX FALLS SD 57117<br>427138206176...... | 2-1995/<br>3-1995 | 7-1999/<br>7-2001 | Revolving/<br>NA/<br>NA | Individual | $5,000 /<br>$5,176 | $0 as of<br>7-2001/ | Status: Closed/Current, was past due 60 days.<br>Account history:<br>60 days as of Nov 2000, Jun 2000, Dec 1999.<br>Creditor's statement: "Account closed at credit grantor's request." |
| **4- CITI**<br>PO BOX 6003<br>HAGERSTOWN MD 21747<br>525605506114...... | 7-1994/<br>8-1998 | 7-2001/<br>7-2001 | Revolving/<br>NA/<br>NA | Individual | $2,400 /<br>$3,017 | NA/ | Status: Paid, Closed/Current, was past due 120 days.<br>Account history:<br>120 days as of Apr 2000<br>90 days as of Mar 2000<br>60 days as of Feb 2000<br>60 days as of Nov 2000, Aug 2000, Jan 2000<br>30 days as of Nov 2000, Aug 2000, Jan 2000<br>Comment: "Account closed at consumer's request." |
| **AMEX**<br>PO BOX 297812<br>FT LAUDERDALE FL 33329<br>(800) 528-2122<br>030459164014318232 | 11-1993/<br>12-2001 | 12-2001/<br>12-2001 | Revolving/<br>1 Months/<br>NA | Individual | NA/<br>$169 | NA/ | Status: Paid, Closed/Never late.<br>Comment: "Account closed at consumer's request." |
| **BANK OF AMERICA**<br>PO BOX 1390<br>NORFOLK VA 23501<br>(800) 441-0130<br>431212370896...... | 6-1992/<br>1-2002 | 2-2006/<br>2-2006 | Revolving/<br>NA/<br>$11 | Joint with ROMATEE RAMBARRAN | $2,000 /<br>$1,147 | $433 as of<br>2-2006/<br>$50 | Status: Open/Never late. |

# experian

**Prepared for**
PARSROM CECIL RAMBARRAN

**Report number**
1195668671

**Report date**
February 17, 2006
www.experian.com/disputes
Call 800 509 8495

**Page 6 of 14**

## Credit items *continued*

| Source/ Account number (except last few digits) | Date opened/ Reported since | Date of status/ Last reported | Type/ Terms/ Monthly payment | Responsibility | Credit limit or original amount/ High balance | Recent balance/ Recent payment | Status Details |
|---|---|---|---|---|---|---|---|
| CBUSASEARS PO BOX 6189 SIOUX FALLS SD 57117 65107236...... | 1-1993/ 4-1994 | 3-2002/ 3-2002 | Revolving/ NA/ NA | Individual | $2,940 / $620 | NA/ | Status: Paid, Closed/Never late. Comment: "Account closed at consumer's request." |
| CHASE 800 BROOKSEDGE BLVD WESTERVILLE OH 43081 (800) 955-9900 4366133032295...... | 1-1992/ 5-1994 | 1-2006/ 1-2006 | Revolving/ NA/ $181 | Joint with ROMATEE RAMBARRAN | $13,100 / $9,600 | $5,693 as of 1-2006/ $300 | Status: Open/Never late. |
| CHASE PO BOX 901008 FORT WORTH TX 76101 (800) 800-5626 42637013...... | 11-2002/ 11-2002 | 11-2004/ 11-2004 | Mortgage/ 10 Years/ NA | Joint with ROMATEE RAMBARRAN | $44,000 / NA | NA/ | Status: Paid, Closed/Never late. |
| CITI PO BOX 6003 HAGERSTOWN MD 21747 5256065061114...... | 7-1994/ 5-1996 | 9-1999/ 9-1999 | Revolving/ NA/ NA | Individual | $2,400 / $11,690 | NA/ | Status: Transferred, closed/Never late. Creditor's statement: "Account closed at credit grantor's request." |
| CITI PO BOX 6241 SIOUX FALLS SD 57117 5423796022225...... | 6-1991/ 4-1994 | 6-1999/ 6-2000 | Revolving/ NA/ NA | Individual | NA/ NA | $0 /paid as of 6-2000/ | Status: Closed/Never late. Creditor's statement: "Account closed at credit grantor's request." |

# experian

**Prepared for**
PARSROM CECIL RAMBARRAN

**Report number**
1195668671

**Report date**
February 17, 2006
www.experian.com/disputes
Call 800 509 8495

Page **7** of 14

## Credit items *continued*

| Source Account number (except last few digits) | Date opened/ Reported since | Date of status/ Last reported | Type Terms Monthly payment | Responsibility | Credit limit or original amount/ High balance | Recent balance Recent payment | Status/ Status Details |
|---|---|---|---|---|---|---|---|
| **CONSUMER ASSET MGMT** 777 BRICKELL AVE STE 121 MIAMI FL 33131 23002600...... | 8-1995/ 8-1995 | 11-1996/ 11-1996 | Installment/ 24 Months/ NA | Joint with ROMATEE RAMBARRAN | $6,311 / NA | NA/ | Status: Paid, Closed/Never late. Creditor's statement: "Account transferred to another lender". |
| **DISCOVER FIN SVS LLC** PO BOX 15316 WILMINGTON DE 19850 (800) 347-2683 6011004924S...... | 12-1992/ 12-1999 | 1-2006/ 1-2006 | Revolving/ NA/ NA | Joint with ROMATEE RAMBARRAN | $12,600 / $14,555 | $0 /paid as of 1-2006/ | Status: Open/Never late. |
| **GEMB/MERVYNS** PO BOX 981064 EL PASO TX 79998 (800) 480-5014 604589-11342C...... | 7-1991/ 1-2005 | 2-2006/ 2-2006 | Revolving/ NA/ NA | Individual | $200 / NA | $0 /paid as of 2-2006/ | Status: Open/Never late. |
| **INDYMAC BANK** 1 NATIONAL CITY PKWY KALAMAZOO MI 49009 668100655...... | 10-2005/ 11-2005 | 2-2006/ 2-2006 | Mortgage/ 30 Years/ $379 | Individual | $43,200 / NA | $43,084 as of 2-2006/ | Status: Open/Never late. |
| **MBNA AMERICA** POB 17054 WILMINGTON DE 19884 (800) 421-2110 3746319084o...... | 5-2005/ 5-2005 | 2-2006/ 2-2006 | Revolving/ NA/ $160 | Individual | $11,000 / $10,565 | $10,323 as of 2-2006/ | Status: Open/Never late. |





**experian**

## Credit items *continued*

**Report date**
February 17, 2006
www.experian.com/disputes
Call 800 509 8495

**Prepared for**
PARSROM CECIL RAMBARRAN
**Report number**
1195686871

Page 7 of 14

| Source / Account number (except last few digits) | Date opened / Reported since | Date of status / Last reported | Type / Terms / Monthly payment | Responsibility | Credit limit or original amount / High balance | Recent balance / Recent payment | Status / Status Details |
|---|---|---|---|---|---|---|---|
| **2** CONSUMER ASSET MGMT<br>777 BRICKELL AVE STE 121<br>MIAMI FL 33131<br>230026001...... | 8-1995/<br>8-1995 | 11-1996/<br>11-1996 | Installment/<br>24 Months/<br>NA | Joint with ROMATEE RAMBARRAN | $6,311 /<br>NA | NA/ | Status: Paid, Closed/Never late. Creditor's statement "Account transferred to another lender." |
| **3** DISCOVER FIN SVS LLC<br>PO BOX 15316<br>WILMINGTON DE 19850<br>(800) 347-2683<br>6011004924514...... | 12-1992/<br>12-1999 | 1-2006/<br>1-2006 | Revolving/<br>NA/<br>NA | Joint with ROMATEE RAMBARRAN | $12,600 /<br>$14,555 | $0 /paid as<br>of 1-2006/ | Status: Open/Never late. |
| **4** GEMB/MERVYNS<br>PO BOX 981064<br>EL PASO TX 79998<br>(800) 480-5014<br>6045891134510...... | 7-1991/<br>1-2005 | 2-2006/<br>2-2006 | Revolving/<br>NA/<br>NA | Individual | $200 /<br>NA | $0 /paid as<br>of 2-2006/ | Status: Open/Never late. |
| **5** INDYMAC BANK<br>1 NATIONAL CITY PKWY<br>KALAMAZOO MI 49009<br>66810065...... | 10-2005/<br>11-2005 | 2-2006/<br>2-2006 | Mortgage/<br>30 Years/<br>$375 | Individual | $43,200 /<br>NA | $43,084 as<br>of 2-2006/ | Status: Open/Never late. |
| **6** MBNA AMERICA<br>POB 17054<br>WILMINGTON DE 19884<br>(800) 421-2110<br>37463190846...... | 5-2005/<br>5-2005 | 2-2006/<br>2-2006 | Revolving/<br>NA/<br>$160 | Individual | $11,000 /<br>$10,565 | $10,323 as<br>of 2-2006/ | Status: Open/Never late. |

# experian

**Prepared for**
PARSROM CECIL RAMBARRAN
**Report number**
1195668671

**Report date**
February 17, 2006
www.experian.com/disputes
Call 800 509 8495

**Page 8 of 14**

## Credit items  *continued*

| Source/<br>Account number<br>(except last few digits) | Date opened/<br>Reported since | Date of status/<br>Last reported | Type/<br>Terms/<br>Monthly payment | Responsibility | Credit limit or<br>original amount/<br>High balance | Recent balance/<br>Recent payment | Status Details |
|---|---|---|---|---|---|---|---|
| **17 NATIONWIDE ADVANTAGE**<br>1701 48TH ST STE 100<br>WEST DES MOINES IA 50266<br>69...... | 2-1986/<br>2-1994 | 11-2004/<br>11-2004 | Mortgage/<br>30 Years/<br>NA | Joint with ROMATEE<br>RAMBARRAN | $55,000 /<br>NA | NA/ | Status: Paid Closed/Never late. |
| **18 THD/CBUSA**<br>PO BOX 6003<br>HAGERSTOWN MD 21747<br>6035320 17607...... | 8-2004/<br>8-2004 | 5-2005/<br>5-2005 | Revolving/<br>NA/<br>NA | NA | $5,000 /<br>$214 | NA/ | Status: Credit card reported lost or<br>stolen,closed/Never late.<br>Creditor's statement: "Credit card lost or<br>stolen." |
| **19 THD/CBUSA**<br>PO BOX 6003<br>HAGERSTOWN MD 21747<br>6035320 19498...... | 8-2004/<br>8-2004 | 1-2006/<br>1-2006 | Revolving/<br>NA/<br>$34 | NA | $6,500 /<br>$1,279 | $1,201 as of<br>1-2006/<br>$100 | Status: Open/Never late. |
| **20 WACHOVIA BANK NA/FTU**<br>PO BOX 3117<br>WINSTON SALEM NC 27102<br>52285420010 9...... | 3-1992/<br>9-1994 | 10-1994/<br>5-1998 | Revolving/<br>NA/<br>NA | Joint with ROMATEE<br>RAMBARRAN | $2,500 /<br>NA | $0 /paid is<br>of 5-1998/ | Status: Inactive/Never late. |

012345894

# experian

Prepared for
PARSROM CECIL RAMBARRAN
Report number
119568671

Report date
February 17, 2006
www.experian.com/disputes
Call 800 509 8495

Page 9 of 14

## Your use of credit

The information listed below provides **additional** detail about your accounts, showing up to 24 months of balance history and your credit limit, high balance or original loan amount. Not all balance history is reported to Experian, so some of your accounts may not appear. Also, some credit grantors may update the information more than once in the same month.

Source/account number

Date/Balance

**-2- CAP ONE BK**
4217413366....
*Between Feb 2004 and Sep 2004, your credit limit/high balance was $1,076*

9-2004/$59   8-2004/$58   7-2004/$29   6-2004/$0   5-2004/$0
2-2004/$237

**BANK OF AMERICA**
4312370896....
*Between Feb 2004 and Jan 2006, your credit limit/high balance was $1,000*

1-2006/$256   12-2005/$349   11-2005/$352   10-2005/$352
7-2005/$264   6-2005/$332   5-2005/$425   4-2005/$0   3-2005/$442   9-2005/$454   8-2005/$544
12-2004/$87   11-2004/$110   10-2004/$0   9-2004/$8   8-2004/$0   2-2005/$0   1-2005/$543
5-2004/$1,016   4-2004/$980   3-2004/$924   2-2004/$956

**CHASE**
4366330295....
*Between Feb 2004 and Jan 2006, your credit limit/high balance was $1,000*

12-2005/$5,858   11-2005/$6,104   10-2005/$5,9   9-2005/$25   8-2005/$9   7-2005/$59   6-2005/$9
5-2005/$59   4-2005/$9   3-2005/$17   7-2005/$1,961   1-2005/$2,036   12-2004/$2,1
11-2004/$2,411   10-2004/$2,112   9-2004/$2,194   8-2004/$2,276   7-2004/$1,343   6-2004/$9
5-2004/$9   4-2004/$9   3-2004/$9   2-2004/$9

**DISCOVER FIN SVS LLC**
601100492451....
*Between May 2004 and Dec 2005, your credit limit/high balance was $3,100*

12-2005/$0   11-2005/$0   10-2005/$0   9-2005/$0   8-2005/$0   7-2005/$0   6-2005/$18
5-2005/$0   4-2005/$0   3-2005/$0   2-2005/$0   1-2005/$0   12-2004/$0   11-2004/$0
9-2004/$0   8-2004/$0   7-2004/$0   6-2004/$518

**GEMB/MERVYNS**
604589113420....
*Between Jan 2005 and Dec 2005, your credit limit/high balance was $1,200*

1-2006/$0   12-2005/$0   11-2005/$0   10-2005/$0   9-2005/$0   8-2005/$0   7-2005/$0
5-2005/$0   4-2005/$0   3-2005/$0   2-2005/$0   1-2005/$0

**MBNA AMERICA**
374631908 46....
*Between Jan 2005 and Jan 2006, your credit limit/high balance was $200*

1-2006/$10,565   12-2005/$1,207   11-2005/$1,250   10-2005/$1,186   9-2005/$336   8-2005/$352
7-2005/$206   5-2005/$0

# experian

**Prepared for**
PARSROM CECIL RAMBARRAN
**Report number**
1195668671

**Report date**
February 17, 2006
www.experian.com/disputes
Call 800 509 8495

**Page 10 of 14**

## Your use of credit (continued)

Source/account number

Date Balance

**THD/CBUSA**
603532017607....

Between Jan 2006 and Jan 2005, your credit
limit/high balance was $11,000

Between May 2005 and Dec. 2005, your credit
limit/high balance was $7,500

4-2005/$0   3-2005/$0   2-2005/$86   1-2005/$110   12-2004/$132   11-2004/$155   10-2004/$177

Between Aug 2004 and Apr. 2005, your credit
limit/high balance was $5,000

9-2004/$194   8-2004/$214

**THD/CBUSA**
603532019498.....

Between Sep 2005 and Dec. 2005, your credit
limit/high balance was $6,500

12-2005/$1,279   11-2005/$1,077   10-2005/$1,117   9-2005/$1,140   8-2005/$1,120   7-2005/$1,137

Between Mar. 2005 and Aug. 2005, your credit
limit/high balance was $5,000

6-2005/$1,104   5-2005/$36   4-2005/$57   3-2005/$68

P.O. Box 2000
Chester, PA 19022

RETURN SERVICE REQUESTED

03/08/2006   TransUnion.

P049QH00301010-I010091
PARASRAM C. RAMBARRAN
9701 MARTINIQUE DR
MIAMI, FL 33189

*Exhibit P28*

Our investigation of the dispute you submitted is now complete. The results are listed below and a new copy of your credit report is enclosed.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the name, address and telephone number of anyone we contacted for information.

Thank you for helping ensure the accuracy of your credit information.

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| BANK OF AMERICA | # 214902188340 | NEW INFORMATION BELOW |

Any corrections to your identification requested by you have been made, and are included in the following credit report.

*Recvd 3/13  See Page 37*

| | |
|---|---|
| **File Number:** | 151109430 |
| **Page:** | 1 of 7 |
| **Date Issued:** | 03/08/2006 |

**TransUnion.**



## Personal Information

**Name:** PARASRAM C. RAMBARRAN

**SSN:** XXX-XX-8905
**Date of Birth:** 01/1945
**Telephone:** 233-3814
Your SSN is partially masked for your protection.

You have been on our files since 06/1990

## CURRENT ADDRESS

| | |
|---|---|
| **Address:** | 9701 MARTINIQUE DR<br>MIAMI, FL 33189 |
| **Date Reported:** | 04/1996 |

## PREVIOUS ADDRESS

| | |
|---|---|
| **Address:** | 971608 POB 971608,<br>MIAMI, FL 33197 |
| **Date Reported:** | 12/1995 |
| **Address:** | 970895 POB 970895,<br>MIAMI, FL 33197 |

## EMPLOYMENT DATA REPORTED

| | | | |
|---|---|---|---|
| **Employer Name:** | AMITY GROUP INC | **Position:** | |
| **Date Reported:** | 01/2000 | **Hired:** | |
| **Employer Name:** | AMITY INSURANCE | **Position:** | |
| **Date Reported:** | 02/1999 | **Hired:** | |

Special Notes: Your Social Security number has been masked for your protection. You may request disclosure of the full number by writing to us at the address found at the end of this report. Also, if any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | 30 | 60 | 90 | 120 |
|---|---|---|---|---|---|---|
| **Not Applicable** | **Unknown** | **Current** | **30 days late** | **60 days late** | **90 days late** | **120 days late** |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in ›brackets‹ or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection.)

**BANK OF AMERICA** #214902188340
PO BOX 45144
JACKSONVILLE, FL 32232
Phone number not available

Loan Type: AUTOMOBILE
Remarks: ›PAID PROFIT AND LOSS‹
Estimated date that this item will be removed: 05/2007

| | |
|---|---|
| **Balance:** | $0 |
| **Date Verified:** | 10/2000 |
| **High Balance:** | $125 |
| **Collateral:** | 93 FORD   ESCORT L |
| **Credit Limit:** | $0 |
| **Terms:** | 1 MONTHLY |

| | |
|---|---|
| **Pay Status:** | ›PAYMENT AFTER CHARGE OFF/COLLECTION‹ |
| **Account Type:** | INSTALLMENT ACCOUNT |
| **Responsibility:** | INDIVIDUAL ACCOUNT |
| **Date Open:** | 07/1998 |
| **Date Closed:** | 10/2000 |
| **Date Paid:** | 10/2000 |

Consumer Credit Report for **PARASRAM C. RAMBARRAN** 

| File Number: | 151109430 |
| --- | --- |
| Page: | 3 of 7 |
| Date Issued: | 03/08/2006 |

TransUnion.



## CHOICE CARD #5423796022259122

PO BOX 6241
SIOUX FALLS, SD 57117-6241
(800) 934-2788

| Balance: | $0 |
| --- | --- |
| Date Updated: | 06/2000 |
| Credit Limit: | $5,200 |

| Pay Status: | PAID OR PAYING AS AGREED |
| --- | --- |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Opened: | 06/1991 |
| Date Closed: | 06/1999 |

Loan Type: CREDIT CARD
Remarks: ACCT CLOSED BY CREDIT GRANTOR

| Late Payments (12 months) | 30 | 60 | 90+ | Last 12 months |
| --- | --- | --- | --- | --- |
| | 0 | 0 | 0 | |

| may | apr | mar | feb | '00 | dec | nov | oct | sep | aug | jul | jun |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

## CITI CARDS #651072362346

8725 W SAHARA AVE
MC02-02-03
THE LAKES, NV 89163-7802
Phone number not available

| Balance: | $0 |
| --- | --- |
| Date Updated: | 03/2002 |
| High Balance: | $620 |
| Credit Limit: | $2,900 |

| Pay Status: | PAID OR PAYING AS AGREED |
| --- | --- |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Opened: | 01/1993 |
| Date Closed: | 05/2000 |

Loan Type: CHARGE ACCOUNT
Remarks: ACCOUNT CLOSED BY CONSUMER

| Late Payments (33 months) | 30 | 60 | 90+ | Last 33 months |
| --- | --- | --- | --- | --- |
| | 0 | 0 | 0 | |

| feb | '02 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '01 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| feb | '00 | dec | nov | oct | sep | aug | jul | jun |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| OK | OK | OK | OK | OK | OK | OK | OK | OK |

## CITIBANK #5256065061145747

PO BOX 6003
HAGERSTOWN, MD 21747-6003
Phone number not available

| Balance: | $0 |
| --- | --- |
| Date Updated: | 07/2001 |
| Credit Limit: | $2,400 |

| Pay Status: | PAID OR PAYING AS AGREED |
| --- | --- |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Opened: | 07/1994 |
| Date Closed: | 07/1996 |

Loan Type: CREDIT CARD
Remarks: ACCOUNT CLOSED BY CONSUMER

## CITIBANK NA #4271382061762643

PO BOX 6241
SIOUX FALLS, SD 57117-6241
Phone number not available

| Balance: | $0 |
| --- | --- |
| Date Updated: | 06/2001 |
| Credit Limit: | $5,000 |

| Pay Status: | PAID OR PAYING AS AGREED |
| --- | --- |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Opened: | 02/1995 |
| Date Closed: | 06/1999 |

Loan Type: CREDIT CARD
Remarks: ACCT CLOSED BY CREDIT GRANTOR

| Late Payments (24 months) | 30 | 60 | 90+ | Last 24 months |
| --- | --- | --- | --- | --- |
| | 0 | 0 | 0 | |

| may | apr | mar | feb | '01 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '00 | dec | nov | oct | sep | aug | jul | jun |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

## CONSUMER ASSET MGMT #2300260013604

PO BOX 13511
MIAMI, FL 33101-3511
(305) 536-6161

| Balance: | $0 |
| --- | --- |
| Date Updated: | 11/1996 |
| High Balance: | $6,311 |
| Credit Limit: | $0 |
| Terms: | 24 MONTHLY $299 |

| Pay Status: | PAID OR PAYING AS AGREED |
| --- | --- |
| Account Type: | INSTALLMENT ACCOUNT |
| Responsibility: | JOINT ACCOUNT |
| Date Opened: | 08/1995 |
| Date Paid: | 11/1996 |

Loan Type: AUTOMOBILE

## DISCOVER FINCL SVC LLC #6011004924517283

PO BOX 15316
WILMINGTON, DE 19850-5316
Phone number not available

| Balance: | $0 |
| --- | --- |
| Date Updated: | 02/2006 |
| High Balance: | $18 |
| Credit Limit: | $12,600 |

| Pay Status: | PAID OR PAYING AS AGREED |
| --- | --- |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | JOINT ACCOUNT |
| Date Opened: | 12/1992 |
| Date Paid: | 07/2005 |

Loan Type: CREDIT CARD

| Late Payments (months) | 30 | 60 | 90+ | Last 48 months |
| --- | --- | --- | --- | --- |
| | 0 | 0 | 0 | |

| '06 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '05 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| '04 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb | '03 | dec | nov | oct | sep | aug | jul | jun | may | apr | mar | feb |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

Consumer Credit Report for **PARASRAM C. RAMBARRAN**

| | |
|---|---|
| File Number: | 151109430 |
| Page: | 5 of 7 |
| Date Issued: | 03/08/2006 |

TransUnion.



## egular Inquiries

The following companies have received your credit report. Their inquiries remain on your credit report for two years.

**APEX LENDING INC VIA LANDAMERICA CREDIT SVC**
23622 CALABASAS RD
SUITE 123
CALABASAS, CA 91302
(877) 774-6361
Requested On: 01/26/2006   Inquiry Type: INDIVIDUAL
Permissible Purpose: CREDIT TRANSACTION

**MBNA AMERICA**
PO BOX 17054
WILMINGTON, DE 19850
Phone number not available
Requested On: 01/03/2006   Inquiry Type: INDIVIDUAL

**APEX LENDING INC VIA LANDAMERICA CREDIT SVC**
23622 CALABASAS RD
SUITE 123
CALABASAS, CA 91302
(877) 774-6361
Requested On: 09/21/2005   Inquiry Type: INDIVIDUAL
Permissible Purpose: CREDIT TRANSACTION

**APEX LENDING INC VIA LANDAMERICA CREDIT SVC**
23622 CALABASAS RD
SUITE 123
CALABASAS, CA 91302
(877) 774-6361
Requested On: 08/08/2005   Inquiry Type: INDIVIDUAL
Permissible Purpose:  CREDIT TRANSACTION

**MBNA AMERICA**
PO BOX 17054
WILMINGTON, DE 19850
Phone number not available
Requested On: 05/05/2005   Inquiry Type: INDIVIDUAL

**CAPITAL ONE BANK**
PO BOX 85049
RICHMOND, VA 23286
Phone number not available
Requested On: 03/24/2005   Inquiry Type: INDIVIDUAL

**B OF A BUSINESS LDG GROU**
1000 CENTURY PARK
FL1-500-03-01
TAMPA, FL 33607
Phone number not available
quested On: 03/21/2005   Inquiry Type: INDIVIDUAL

**B OF A BUSINESS LDG GROU**
1000 CENTURY PARK
FL1-500-03-01
TAMPA, FL 33607
Phone number not available
Requested On: 11/19/2004   Inquiry Type: INDIVIDUAL

**B OF A BUSINESS LDG GROU**
1000 CENTURY PARK
FL1-500-03-01
TAMPA, FL 33607
Phone number not available
Requested On: 03/23/2004   Inquiry Type: INDIVIDUAL

## Inquiry Analysis

The companies that request your credit report must first provide certain information about you. Within the past 90 days, companies that requested your report provided the following information.

**LANDAMERICA CREDIT SVC**   Requested On: 01/26/2006
Identifying information they provided:
PARASRAM RAMBARRAN
9701 MARTINIQUE DR
MIAMI, FL 33189

**MBNA AMERICA**   Requested On: 01/03/2006
Identifying information they provided:
PARASRAM C. RAMBARRAN
1 RR INIQUE
MIAMI, FL 33189

## Promotional Inquiries

The companies listed below received your name, address and other limited information about you so they could make a firm offer of credit or insurance. They did not receive your full credit report. These inquiries are not seen by anyone but you and do not affect your score.

**CHASE MANHATTAN MORTGAGE**   Requested On: 11/2005
3415 VISION DR
COLUMBUS, OH 43219
00) 848-9136

**METLIFE AUTO DIRECT/DRM**   Requested On: 10/2005
211 QUAKER LN
WEST WARWICK, RI 02893-2151
Phone number not available

Consumer Credit Report for PARASRAM C. RAMBARRAN

| | |
|---|---|
| File Number: | 151109430 |
| Page: | 7 of 7 |
| Date Issued: | 03/08/2006 |

TransUnion.





**BANK OF AMERICA**
4161 PIEDMONT PKWY
GREENSBORO, NC 27410-8110
(800) 451-6356
Requested On: 12/2005

**BANK OF AMERICA**
4161 PIEDMONT PKWY
1825 E BUCKEYE RD
GREENSBORO, NC 27410
(800) 451-6362
Requested On: 11/2005

**CAPITAL ONE BANK ACCOUNT**
P.O. BOX 85049
RICHMOND, VA 23286
Phone number not available
Requested On: 11/2005

**BANK OF AMERICA**
4161 PIEDMONT PKWY
1825 E BUCKEYE RD
GREENSBORO, NC 27410
(800) 451-6362
Requested On: 08/2005

**BANK OF AMERICA**
4161 PIEDMONT PKWY
1825 E BUCKEYE RD
GREENSBORO, NC 27410
(800) 451-6362
Requested On: 09/2004

**BANK OF AMERICA**
4161 PIEDMONT PKWY
GREENSBORO, NC 27410-8110
(800) 451-6356
Requested On: 04/2004

**DISCOVER FINCL SVC LLC**
2500 LAKE COOK RD
RIVERWOODS, IL 60015-3851
Phone number not available
Requested On: 12/2005

**BANK OF AMERICA**
4161 PIEDMONT PKWY
GREENSBORO, NC 27410-8110
(800) 451-6356
Requested On: 11/2005

**BANK OF AMERICA**
4161 PIEDMONT PKWY
1825 E BUCKEYE RD
GREENSBORO, NC 27410
(800) 451-6362
Requested On: 09/2005

**BANK OF AMERICA**
4161 PIEDMONT PKWY
1825 E BUCKEYE RD
GREENSBORO, NC 27410
(800) 451-6362
Requested On: 12/2004

**BANK OF AMERICA**
4161 PIEDMONT PKWY
GREENSBORO, NC 27410-8110
(800) 451-6356
Requested On: 07/2004

**BANK OF AMERICA**
4161 PIEDMONT PKWY
1825 E BUCKEYE RD
GREENSBORO, NC 27410
(800) 451-6362
Requested On: 03/2004

## Should you wish to contact TransUnion, you may do so,

At our web site:
http://transunion.com

**By Mail:**
TransUnion Consumer Relations
P.O. Box 2000
Chester, PA 19022-2000

**By Phone:**
1-800-916-8800
You may contact us between the hours of 8:00 a.m. and 8:00 p.m. Eastern Time, Monday through Friday, except major holidays. **Residents of Alaska and Hawaii please note:** Hours of operation are 8:30 a.m. to 4:30 p.m. in your local time zone.

For all correspondence, please have your TransUnion file number available (located at the top of this report).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (MIAMI DIVISION)

CASE NO. 07-21798-CIV-HUCK/SIMONTON

*Exhibit P29*

PARASRAM RAMBARRAN,

     Plaintiff,

vs.                                                              **CONSENT CASE**

                                     U.S. Magistrate Judge Andrea M. Simonton

BANK OF AMERICA CORP., d/b/a BANK
OF AMERICA, N.A.,

     Defendant.

_____/

## NOTICE OF FILING FACT WITNESS LIST

     PARASRAM RAMBARRAN plaintiff pro se hereby notifies this Honorable
Court of the filing of the attached Fact Witness List.

                          Respectfully submitted,

                        _____

                        PARASRAM RAMBARRAN
                        Email: cecilram@bellsouth.net
                        9701 Martinique Drive,
                        Miami, Fl 33189
                        Tel: (305)233-3814
                        Fax: (305)235-9619

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on 31st day of March, 2008, I filed the foregoing with
the Clerk of the Court. I further certify that I served the foregoing document by fax to: J.
Randolph Liebler, Liebler, Gonzalez & Portuondo, P.A., Courthouse Tower   25th Floor,
44 West Flagler Street, Miami, Fl 33130.

                        PARASRAM RAMBARRAN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## (MIAMI DIVISION)

### CASE NO. 07-21798-CIV-HUCK/SIMONTON

PARASRAM RAMBARRAN,

       Plaintiff,

vs.

BANK OF AMERICA CORP., d/b/a BANK
OF AMERICA, N.A.,

       Defendant.

_____/

**CONSENT CASE**
U.S. Magistrate Judge Andrea M. Simonton

## PARASRAM RAMBARRAN'S FACT WITNESS LIST

Parasram Rambarran Plaintiff pro se hereby files his Fact Witness List, pursuant to the order Setting Pretrial and Trial Dates and Establishing Pretrial Procedures:

1.     Name: Parasram Cecil Rambarran; Last Known Address: 9701 Martinique Drive, Miami, FL 33189.

2.     Plaintiff hereby adopts the Defendent's Fact Witness List in it's intirety and and Plaintiff intends to call all the witnesses therein listed.

Plaintiff reserves the right to supplement and amend this Fact Witness List as discovery is currently on-going.

Respectfully submitted,

Parasram Rambarran
9701 Martinique Drive,
Miami, Fl 33189
Tel: (305)233-3814
Fax: (305)235-2067
E-mail: cecilram@bellsouth.net

CASE NO. 07-21798-CIV-HUCK/SIMONTON

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy hereof has been furnished to J. Randolph Liebler, Liebler, Gonzalez & Portuondo, P.A., Courthouse Tower- 25th Floor, 44 West Flagler Street, Miami, Florida 33130 on March 28, 2008.

Parasram Rambarran

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case Number:

EXHIBIT φ 30

07 - 21798

CIV - HUCK

MAGISTRATE JUDGE
SIMONTON

PARASRAM RAMBARRAN

        Plaintiff

vs.

BANK OF AMERICA CORPORATION, d/b/a

BANK OF AMERICA, N.A.

        **Bank**.

_____/

FILED by _____ D.C.
DKTG

JUL 1 2 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PARASRAM RAMBARRAM, (hereinafter referred to as "Plaintiff"), pro se, in the above styled cause, sues Bank of America Corporation, d/b/a Bank of America, N.A., a foreign corporation (herein after referred to as "Bank") and states:

### PARTIES, JURISDICTION, and VENUE

1. Plaintiff is a resident of Miami-Dade County, Florida and at all times relevant to the allegations of this complaint was a resident of Miami-Dade County, Florida and is sui juris.

2. Bank is a foreign corporation and, upon information and belief, has its principal place of business in the State of North Carolina. Bank also does business in Miami Dade County, Florida under the name of Bank of America, N. A., and at all times relevant to the allegations of this complaint was doing business in Miami-Dade County, Florida and is sui juris.

3. This Court has jurisdiction of this case pursuant to 15 U.S.C. 1681(p).

1

4. The United States District Court for the Southern District of Florida is the proper venue for this case pursuant to 15 U.S.C. 1681(p) and because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PERTINENT FACTS

5. Plaintiff obtained a car loan from Barnett Bank in July of 1998. (Barnett Bank was purchased by Nations Bank and subsequently acquired by Bank of America).

6. All required payments were made and loan was paid in full.

7. After making final payment, Plaintiff began receiving calls from the Bank alleging that Plaintiff's loan was not paid in full and that there was still an outstanding balance.

8. Plaintiff repeatedly advised Bank that the loan was paid in full.

9. Shortly thereafter, Plaintiff received a letter dated October 3, 2000, advising Plaintiff that he was in default and demanding payment of $125.25, plus accrued finance charge and insurance within (5) days from the date of the letter. The Bank, via this letter, also advised that it intended to refer the matter to an attorney for collection. No mention was made that Bank intended to report the alleged debt to the credit reporting agencies and no letters nor telephone calls were ever received from any collection agency.

10. In an effort to amicably resolve this matter, Plaintiff submitted a check in the amount of $125.25 to the bank.

11. The check was cashed by Bank on October 20, 2000.

12. Shortly thereafter, Bank began calling again advising that Plaintiff was indebted to Bank.

13. Plaintiff advised Bank that the account was paid in full. Plaintiff did not hear from Bank any further and assumed the matter was closed.

14. Several months later, Plaintiff received several phone calls from Bank demanding payment on the same loan. Plaintiff repeatedly advised Bank that the loan was paid in full. Bank eventually determined that Plaintiff's loan was indeed paid in full. On September 17, 2001, Bank sent letter

to Plaintiff indicating that loan was paid in full and that credit reporting agencies would be notified.

15. Plaintiff applied on numerous occasions for credit (credit cards, lines of credits, overdraft facilities and other forms of credit including three (3) car loans and credit card applications to Bank) without success.

16. On one such occasion, in November 2004, Bank employee, Mr. Albert Chin, advised Plaintiff that Plaintiff's applications were declined because of a "charged off" account that appeared on Plaintiff's credit report. Mr. Chin did not give Plaintiff any details but did advise that Bank would forward Plaintiff a written explanation.

17. November 2004, after Bank rejected Plaintiff's car loan, Plaintiff made several visits and phone calls to Bank over a period of two months, seeking details of the "charged off" account but was unable to get any information from Bank.

18. After making several requests, the Bank has continuously refused to provide Plaintiff with the dates and copies of applications, and denial letters for the said applications.

19. Plaintiff was unable to state the dates of the applications to Bank of America for the three (3) car loans but believes that two loans were applied for in 2004.

20. On January 26, 2005, Plaintiff visited the Perrine Branch of Bank where he spoke to a Mr. David Dixon who provided Plaintiff with a print out of the loan in question. The document that Mr. Dixon provided Plaintiff had an account number and a telephone number that was unfamiliar to Plaintiff.

21. For the next 5 months, after over 14 calls to the bank, and numerous promises from bank personnel, Plaintiff still was unable to get information about the loan.

22. Plaintiff never received written explanation.

23. Plaintiff was resigned to his credit predicament and had stopped applying for loans until Myra Fields a business acquaintance for many years approached Plaintiff advising that his company may be able to qualify for a business line of credit in the amount of $50,000 without verification

3

of Plaintiff's personal or company's income. According to Ms. Fields, all that was required was that Plaintiff have been in business for over 2 years and have a good credit score. The facility would be subject to a payment of an application fee of $495.00 and a payment of $4,500.00 consultant fee.

24. Plaintiff immediately submitted his application and paid the fee of $495.00 by money order on March 10, 2005. Plaintiff was given an appointment and went to CorpCred's office and completed an application and was advised that he would have an approval/denial within 3-5 business days.

25. Shortly thereafter, Plaintiff was advised by CorpCred that his credit score was good enough but that there was a problem with his credit report. When Plaintiff inquired as to what the problem was, Plaintiff was advised that CorpCred could not divulge the details.

26. On or about April 15, 2005, Plaintiff via Myra Fields was advised that Plaintiff had a charged off account with Bank.

27. Plaintiff also made several attempts to purchase land in Ocala without success due to his credit standing until he was fortunate to find a mortgage broker who advised him that she can obtain a loan for him without verification and that Plaintiff should complete an application which Plaintiff did. She was successful in her undertaking and Plaintiff purchased the land. She advised Plaintiff that there was a problem with his credit report and advised him to look into it.

28. This land was purchased in November 2004 and Plaintiff had to borrow $10,000 to make the down payment.

29. Prior to purchasing the above mentioned land, the business condo adjacent to Plaintiff's place of business was offered for sale for $90,000. Plaintiff, due to his credit position, could not take advantage of this opportunity.

30. Plaintiff referred the sale to a friend who promptly purchased it. After only four months, he placed the property for sale and inquired whether or not Plaintiff was interested in purchasing

said property.  Plaintiff was unable to qualify and suggested a sub-tenant of Plaintiff as a possible prospect. Plaintiffs sub-tenant purchased the property for $150,000.

31. Plaintiff's former sub-tenant, has sinced, offered said property to Plaintiff for $250,000 and Plaintiff was unable to consider the proposal due to Plaintiff's credit problems and lack of finance to make the down payment.

32. On or about the end of May 2005, Plaintiff applied for credit from the Mortgage Center in order to purchase the business condo mentioned above but was turned down on the grounds of serious delinquency more specifically the charged of account with Bank.

33. It was not until on June 6, 2005, when Plaintiff spoke to Sharon Titcher who finally sorted out the problem and provided Plaintiff, by fax and mail, a letter dated June 7, 2005, certifying the loan was paid in full since October 20, 2000 and that the bank was advising the credit reporting agencies that the loan was paid off in full.

34. Up to and until June 7, 2005, the date of Sharon Titcher's Letter, Plaintiff was not officially notified by bank and had no knowledge of the fact that the bank had reported the loan account that he had previously paid in full as being charged off.  It was only after the rejection by the Mortgage Center, that Plaintiff applied for a copy of his credit report in late May 2005.  Plaintiff received the credit report some time in June, 2005.

35. According to the credit report, the bank reported the account as being charged off and the charged off amount to be $2,176.00.  It is worthy to note that the bank's demand letter dated October 3, 2000 was for $125.25 or alternatively $202.46 if one takes into account the alleged finance and insurance.

36. By letter dated February 7, 2006, Plaintiff wrote to the credit reporting agencies Experian, Trans Union, and Equifax seeking verification about a charged off account for Plaintiff on Plaintiff's credit report which noted that the account was paid off on October 20, 2000.

37. Not having received a response from both Equifax and Trans Union,  Plaintiff sent follow up letter dated March 1, 2006 to both credit reporting agencies requesting their response.  They both

responded by letter dated March 8, 2006, acknowledging my dispute concerning the alleged charged off account.

38. Experian responded by letter dated February 17, 2006 and attached a copy of plaintiff's credit report of the same date reporting the status of the disputed account as "paid closed/account charged off/ $202 written off". This status as it appear is inaccurate because the account was paid in full after plaintiff received **Bank**'s demand letter dated October 3, 2000. Plaintiff promptly paid $125.25 within five days of the **Bank**'s letter which had advised if payment was not made **Bank** would refer the account to an attorney for collections. In Experian's letter aforesaid they advised Plaintiff to contact the **Bank** directly if Plaintiff questioned the results of their investigation. As a result of Experian's unsatisfactory status of the charged off account Plaintiff wrote to Experian requesting the date(s} of **Bank**'s letter(s) to them advising the loan was paid in full. To date they have not yet provided Plaintiff with the information sought.

39. Upon receipt of the credit report from Experian on February 24, 2006 Plaintiff contacted them via telephone. There was a recorded message and Plaintiff left a message disputing the said charged off account.

40. Equifax response is dated March 8, 2006 confirming their reinvestigation of the charged off account was completed and that the **Bank** verified to them that the current status was reported correctly and that the prior paying history was also reported correctly. They also advise if Plaintiff had any questions or concern Plaintiff should contact **Bank** directly on the matter. A copy of Plaintiff's credit report of even date was attached to the said letter which reported the status of the disputed account as "paid charge off". This information is inaccurate because the account was paid in full since October 2000 as stated in para 10 and 38.

41. Trans Union's response is dated March 8, 2006 acknowledging Plaintiff's dispute on the charged off account and advised they had completed their investigation and attached a copy of Plaintiff's credit report which was of even date as their letter. It reported the status of the disputed account

6

as being "payment after charge off/collection" This status is inaccurate due to the fact the account was paid in full since October 2000 as previously stated in para. 10 and 38.

42. Trans Union again wrote Plaintiff by letter dated March 9, 2006 contradicting another letter bearing the same date which is outlined in the following paragraph. In that letter however, they acknowledged Plaintiff's dispute of the alleged charged off account.

43. Trans Union by letter of March 9, 2006 attached Plaintiff's credit report which reported pay status as " payment after charge off/collection." Again the status is inaccurate due to the fact the account was paid in full since October 2000, as previously stated in para. 10 and 38.

44. Experian furnished Plaintiff's credit report dated March 10, 2006. The report incorrectly reported the disputed account status as "paid closed/account charged off $125 written off." The information as reported is inaccurate because the account was paid in full since October 2000 as stated in para. 10 and 38.

45. Acting on the advice of both Experian and Equifax as stated in para. 38 and 40 respectively, Plaintiff wrote **Bank** by letter dated March 14, 2006. In that letter, Plaintiff complained of the charged off account and advised the **Bank** of the adverse effect its' inaccurate reporting had caused to Plaintiff. Despite Plaintiff's letter, **Bank** failed to respond.

46. On May 1, 2006, Plaintiff received a phone call at or about 7.00 p.m. from Sheila an employee of the **Bank** demanding payment of $186.83 on the said charged off account. Plaintiff denied the validity of the debt and advised her the loan was paid in full and requested that she provide him with the details of the allege debt in writing.

47. Not thirty minutes had passed when Plaintiff received another call this time from Shirley an employee of the **Bank** who demanded payment from Plaintiff for an amount of $125.25. Plaintiff requested the account number and was provided an account number and he recognized it as being the loan that had been paid in full. Plaintiff advised Shirley the loan was paid in full and despite Plaintiff's providing her with information she chose to ignore the same and became irate and told Plaintiff that if he did not pay the amount of $125.25, the matter will be reported to the credit

7

reporting agencies. Plaintiff asked her to provide him with details in writing and she promised to do so.

48. Due to the **Bank**'s failure to respond to Plaintiff's letter dated March 14, 2006, and having received the above mentioned phone calls, Plaintiff again wrote **Bank** on May 2, 2006, requesting a response.

49. In response to Plaintiff's dispute concerning the alleged debt as stated in para 46 and 47 Plaintiff received three letters from **Bank** , one dated May 25,2006, advising that the loan was " paid in full/current." **Bank** also advised the credit reporting agencies were being notified accordingly and that there were no delinquencies on the account going back to October 2000. Another letter dated May 25, 2006, was received by Plaintiff stating **Bank** had requested Experian/Equifax/Trans Union to update Plaintiff's file to report account status as being, "Paid in full/Current." The third letter was undated but was received on or about June 2, 2006. This writing was a generic computer printout which was in part congratulatory and advised that the account was paid in full.

50. Prior to receipt of the above mentioned letters, Plaintiff had repeatedly requested, copies of all car loan applications he made with bank and the letters declining him credit for those applications; and copies of all letters to the credit reporting agencies, in particular the letters alleging they wrote to the credit reporting agencies.

51. To Plaintiff's dismay, the bank refused to provide the requested information. More specifically, Bank's employee, Melissa Karim, in July 2006, upon Plaintiff's request for application numbers and dates of applications was able to locate the requested information but refused to provide Plaintiff the information and advised Plaintiff that information could not be provided to him by her. Also, Bank specifically by letter dated July 17, 2006 advised Plaintiff that Bank was not obligated to provide Plaintiff with copies of applications if applications were made over 25 months. At the time of the request, the application of November 2004 was less than 25 months. Plaintiff was never aware that the account was ever referred to any attorney to enforce collection until **Bank** advised by letter dated July 17, 2006 advising the collection of the debt was assigned

to a collection agency.  No date was mention as to when it was assigned.  Plaintiff was never contacted by any attorney or collection agency seeking to collect payment.

<div align="center">COUNT I</div>

<div align="center">**BREACH OF DUTY TO PROVIDE ACCURATE INFORMATION**</div>

52. Plaintiff hereby incorporate paragraphs 5 through 51 as if fully set forth herein.

53. Bank has obligation to provide correct and accurate information when it furnishes information relating to a consumer to a consumer reporting agency.

54. Bank reported to consumer reporting agencies that Plaintiff's was in default and that his loan account was charged off in the amount of $2,176.00.

55. Plaintiff advised Bank that the account was paid in full and was not in default.

56. Bank previously advised Plaintiff that account in question had been paid in full by Bank's letter dated September 17, 2001.

57. Plaintiff specifically advised that account was paid in full, and made reference to Bank's letter dated September 17, 2001, which gave Bank reasonable cause to believe that information it was relying on was inaccurate.

58. In spite of the above, Bank failed to report to credit reporting agencies that account was paid in full on October 10, 2000.

59. By way of letter of May 25, 2006, Bank again advised Plaintiff that the loan was paid in full and that the credit reporting agencies were being notified accordingly and that there were no delinquencies on the account going back to October 2000.  Bank's letters dated September 17, 2001 and May 25, 2006 is definite proof that Bank breached its obligation to provide correct and accurate information when it furnished negative information relating to Plaintiff to the consumer reporting agencies.

60. As a result of Bank's breach of its duty to provide correct and accurate information when it furnished information relating to Plaintiff to the consumer reporting agencies, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demand that judgment be entered in his favor and against Bank for money damages, including lost profits, prejudgment and post judgment interest, punitive damages, and any other relief this Court deems just and proper.

## COUNT II

### FAILURE TO PROVIDE CONSUMER WITH MANDATORY NOTICE

61. Plaintiff hereby incorporate paragraphs 5 through 60 as if fully set forth herein.

62. F.R.C.A. requires financial institutions that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency that furnishes negative information to such an agency regarding credit extended to a consumer, the financial institution shall provide a notice of such furnishings of negative information, in writing, to the consumer.

63. Bank is a financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency that furnishes negative information to such an agency regarding credit extended to a consumer.

64. As such, Bank is required to provide a notice of such furnishings of negative information, in writing, to the consumer.

65. Bank reported to consumer reporting agencies that Plaintiff's was in default and that his loan account was charged off in the amount of $2,176.00.

66. Bank failed to provide a notice of such furnishings of negative information, in writing, to Plaintiff.

67. As a result of Bank's failure to provide the required notice, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demand that judgment be entered in his favor and against Bank for money damages, including lost profits, prejudgment and post judgment interest, punitive damages, and any other relief this Court deems just and proper.

## COUNT III

### FAILURE TO PROVIDE CONSUMER WITH MANDATORY NOTICE WITHIN

10

## 30 DAYS OF REPORTING NEGATIVE INFORMATION TO CONSUMER REPORTING AGENCIES

68.  Plaintiff hereby incorporate paragraphs 5 through 67 as if fully set forth herein.

69.  F.C.R.A. requires financial institutions to provide notice, prior to or no later than 30 days after furnishing negative information to consumer reporting agencies.

70.  Bank failed to provide notice of such furnishings of negative information, in writing, to Plaintiff, prior to or within 30 days after furnishing the negative information to consumer reporting agency.

71.  As a result of Bank's failure to provide the required notice, prior to or within 30 days after furnishing the negative information to consumer reporting agency, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demand that judgment be entered in his favor and against Bank for money damages, including lost profits, prejudgment and post judgment interest, punitive damages, and any other relief this Court deems just and proper.

### COUNT IV

### BANK FAILED TO PROMPTLY INVESTIGATE AFTER RECEIVING NOTICE OF DISPUTE

72.  Plaintiff hereby incorporate paragraphs 5 through 71 as if fully set forth herein.

73.  F.C.R.A. required Bank to after receiving notice pursuant to 15 U.S.C. s. 1681i(a)(2) of a dispute with regard to the completeness of accuracy of any information provided by bank to a credit reporting agency to (1) conduct an investigation with respect to the disputed information; (2)report the results of the investigation to the consumer reporting agency; (3) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which Bank furnished the information and that complied and maintain files on consumers on a nationwide basis; (4) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation , for purposes of reporting to a consumer reporting agency only, as appropriate, based on results of the

11

reinvestigation promptly – modify that item, delete that item or permanently block the reporting of that item of information.

74. Bank is required to complete all investigations, reviews, and reports within 30 days of receipt of notice of dispute.

75. Bank was place on notice that information concerning Plaintiff's loan was in dispute as early as October 2000. In spite of Plaintiff's numerous disputes as to the accuracy of the information concerning his alleged defaulted loan, bank did not investigate the matter until June 7, 2005.

76. Bank letter of May 26, 2006, written to Plaintiff advising that the loan was paid in full and that the credit reporting agencies were being notified accordingly and that there were no delinquencies on the account going back to October 2000, is proof that Bank failed to promptly investigate Plaintiff's dispute as to the accuracy of alleged defaulted loan and that Bank failed to complete all investigations, reviews, and reports within 30 days of receipt of notice that Bank's information as reported, was in dispute.

77. Sometime prior to March 8, 2006, the Bank was advised by credit reporting agency Equifax that Plaintiff was disputing the alleged defaulted loan and Bank recklessly and without proper investigation as is required pursuant to 15USC.s. 1681 i(a)(2) informed Equifax the current status and prior paying history was reported correctly when in fact their notification was inaccurate and contrary to the facts in their possession.

78. As a result of Bank's failure to complete all investigations, reviews, and reports within 30 days of receipt of notice of dispute, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demand that judgment be entered in his favor and against Bank for money damages, including lost profits, prejudgment and post judgment interest, punitive damages, and any other relief this Court deems just and proper.

Dated: July 1̇5̇, 2007

Respectfully submitted,

By:_____

PARASRAM RAMBARRAN

9701 Martinique Drive

Miami, Florida 33189

(305) 233-3814

## STATEMENT OF CREDIT DENIAL, TERMINATION, OR CHANGE

Applicants:   Parasram Rambarran

9701 Martinique Dr.
Miami, FL 33189

Loan Amount: $      160,000
Interest Rate:       7.000   %
Term:                 360   months

1. In compliance with Regulation 'B' (Equal Credit Opportunity Act), you are advised that your recent application for an extension or renewal of credit has been declined.  The decision to deny your application was based on the following reason(s):

**A. CREDIT**
- [ ] No Credit File
- [ ] Insufficient Credit Reference
- [ ] Insufficient Credit File
- [ ] Unable to Verify Credit References
- [ ] Garnishment, Attachment, Foreclosure, Repossession or Suit
- [ ] Excessive Obligations
  - [ ] Insufficient Income for Total Obligations
  - [ ] Unacceptable Payment Record on Previous Mortgage
  - [ ] Lack of Cash Reserves
- [✓] Delinquent Credit Obligations
- [ ] Bankruptcy
- [ ] Information From a Consumer Reporting Agency

**B. EMPLOYMENT STATUS**
- [ ] Unable to Verify Employment
- [ ] Length of Employment
- [ ] Temporary or Irregular Employment, Insufficient Stability of Income

**C. INCOME**
- [ ] Insufficient Income for Mortgage Payments
- [ ] Unable to Verify Income

**D. RESIDENCY**
- [ ] Temporary Residence
- [ ] Too Short a Period of Residence
- [ ] Unable to Verify Residence

**E. INSURANCE, GUARANTY or PURCHASE DENIED BY:**
- [ ] Department of Housing and Urban Development
- [ ] Department of Veterans Affairs
- [ ] Federal National Mortgage Association
- [ ] Federal Home Loan Mortgage Corporation
- [ ]

**F. OTHER**
- [ ] Insufficient Funds to Close the Loan
- [ ] Credit Application Incomplete
- [ ] Inadequate Collateral
  - [ ] Unacceptable Property
  - [ ] Insufficient Data - Property
  - [ ] Unacceptable Appraisal
  - [ ] Unacceptable Leasehold Estate
- [ ] We do not grant credit to any applicant on the terms and conditions you have requested.
- [ ] Withdrawn by Applicant
- [ ] Credit below Guideline
- [✓] Charge Off Account

2. Disclosure of use of information obtained from an outside source. This section should be completed if the credit decision was based in whole or in part on information that has been obtained from an outside source.

- [ ] Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.
  Agency #1: Experian / P.O. Box 2002 / Allen, TX 75013 / Toll Free #: 888-397-3742
  Agency #2: TransUnion / P.O. Box 1000 / Chester, PA 19022 / Toll Free #: 800-888-4213
  Agency #3: Equifax / P.O. Box 740241 / Atlanta, GA 30374 / Toll Free #: 800-685-1111

- [ ] Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive his notice, for disclosure of the nature of this information.
  If you have any questions regarding this notice, you should contact:

THE MORTGAGE CENTER OF AMERICA
5767 NW 151 ST. MIAMI LAKES, FL 33014
305-557-7700

[ ]

*EXHIBIT P31*

RECEIVED
AUG 0 9 2005

## _TICE

3. The Federal Equal Credit Opportunity Act prohibits creditors from discrimination against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal Agency that administers compliance with this law concerning this creditor is:

4. Should you have any additional information which might assist us in evaluating your creditworthiness, please let us know. Thank you for applying.

5. This notification is given by us on behalf of

THE MORTGAGE CENTER OF AMERICA
5767 NW 151 ST.
MIAMI LAKES, FL 33014
305-557-7700

By: _____
DONALD MACKO

Notice Mailed on   08/05/2005
Date Denied        08/05/2005

Calyx  Form  Scdtc.hp  9/03

File No. RAMBARRAN

Promissory Note

$ 4,500.00                                    MIAMI, FLORIDA
                                              City)        (State)

EXHIBIT P32                                   3/8/05
                                                  (Date)

    FOR VALUE RECEIVED the undersigned jointly and severally promise(s) to pay to the order of  CORPCRED the principal sum of  FOUR THOUSAND FIVE HUNDRED dollars ($ 4,500.00 ) together with interest thereon from date at the rate of  0  ( 0%) percent per annum until maturity, said principal and interest being payable as follows: all principal and interest accrued thereof shall be due and payable WHEN LINE OF CREDIT FUNDS.

    Each maker and endorser severally waives demand, protest and notice of maturity, non-payment or protest and all requirements necessary to hold each of them liable as makers and endorsers an, should litigation be necessary to enforce this note, each maker and endorser waives trial by jury and consents to the personal jurisdiction and venue of a court of subject matter jurisdiction located in the State of FLORIDA and County  of MIAMI DADE.

    Each maker and endorser further agrees, jointly and severally, to pay all costs of collection, including a reasonable attorney's fee in case the principal of this note or any payment on the principal or any interest thereon is not paid at the respective maturity thereof, or in case it becomes necessary to protect the security hereof, whether suit be brought or not.

    This note is to be construed and enforced according to the laws of the State of FLORIDA; upon default in the payment of principal and/or interest remaining unpaid shall, at the option of the holder, become immediately due and payable and it shall accrue interest at the highest rate allowable by law or, if no highest rate is otherwise indicated, at eighteen (18%) percent, from the date of default.

*corpcrec

www.corpcred.co

T 305.441.995
F 305.441.995

2600 Douglas Roa
Suite 9
Coral Gables, FL 3313

EXHIBIT P 34
WITH 3 ATTACHMENTS

### FUNDING TIMELINE

1. Bank Approval/Denial – 3 to 5 business days
2. Official Bank Documents arrive – 5 to 7 business days
3. Bank sets up closing – 5 business days
4. Funds are available – 5 to 7 business days

Total Funding Process: 3 to 5 weeks

9883

305 441 914

ATTACHMENTS:
(a) RECEIPT OF MONEY ORDER AGREEMENT
(b) UNSECURED LINE OF CREDIT AGREEMENT
(c) APPLICATION FOR LINE OF CREDIT

TRAVELERS EXPRESS COMPANY, INC. DRAWER
P.O. BOX 9476
MINNEAPOLIS, MN 55480

DATE/AMOUNT

KEEP THIS STUB
FOR YOUR RECORDS

PLEASE SEE TERMS ON REVERSE SIDE                    EMPLOYEE

45499669666

▼DETACH HERE▼



**CUSTOMER :** AMITY GROUP, INC

**CASE NUMBER:** 1339

**Requested Amount:** $50,000.00
**Term:** Variable interest revolving line of credit
**Consulting Fee:** $495.00 Non-refundable Application
fee plus $4500.00 Promissory Note
due upon final funding

**INFORMATION REQUIRED:**
1. Copy of driver's license
2. Articles of Incorporation
3. Proof of citizenship or resident

## ACKNOWLEDGEMENT

All fees shall be 100% refundable if Credit Line is not approved by any financial institution in 30 days, referred to as Consulting Payment Agreement. Please see the Consulting Payment Agreement with the above agreement number.

At all times material hereto, it is understood by all parties that *corpcred is a referral source for the ultimate financial institution, which makes the final decisions as to approvals of credit line.

At no time does *corpcred represent that they are the Lending Institution nor that a certain fixed or variable rate will be obtained which is at the sole discretion of the Lending institution.

An Additional Bank Fee of $495 will apply at time of funding.

## TERMS AND CONDITIONS

The "Consulting Fee" is required for *corpcred (Consultant) to refer this transaction for final review. If the customer is approved for any source of financing by any financial institution, within 90 days from the signing of this agreement, the consulting fee will be non-refundable. The "Consulting Fee" is paid by the Customer to retain the Consultant for consulting services *corpcred has provided. Customer understands that Consultant will be relying on Customer's representation of its present intention to enter into a Consulting Agreement with Consultant, and that Consultant will incur out-of-pocket and managerial costs in processing Customer's Credit application, and that Consultant may forego other opportunities in order to reserve customer's needs and request of services. Damages from lost managerial costs and opportunities would be impractical to fix. Therefore, the "Consulting Fee" is non-refundable unless Consultant decides not to render services for reasons other than inaccurate information supplied by Customer, any guarantor, or any collateral not provided to Consultant, the failure of Customer to execute any document requested by Consultant in connection with this transaction consistent with the terms of this letter or to cooperate in any other way in completing this transaction, or any conduct reasonably indicating that Customer, any guarantor or any collateral owner is withdrawing from this transaction. The "Consulting Fee" is non refundable if untrue information has been provided by the Customer to Corporate Consultants or its assignees at any stage of the transaction. When refunding the "Consulting Fee", Consultant may deduct all out-of-pocket costs incurred in the investigation, negotiation and analysis of the transaction, including, but not limited to any brokers' fees, attorneys' fees or consultants' fees. The quotes above do not include sales tax.
Customer/Guarantors agree to jurisdiction in the state of Florida in any action, suit or proceeding regarding this Proposal, and concede that it and each of them transacted business in the state of Florida. In the event of any legal action with regard to this Proposal or the equipment covered hereby, Customer/Guarantors agree Florida law applies and that venue must be laid in Florida and that both parties shall be limited to using the Superior Court for Miami-Dade County or the United States District Court for the Southern District of Florida.

Customer agrees that all of the information presented above is accurate, and accepts all of the terms and conditions of this agreement:

Accepted by:

By: _____

*corpcred

By: _____

# *corpcred

## TELL US ABOUT YOUR BUSINESS

Legal Business Name __AMITY GROUP INC__ DBA ____

Street __10393 SW 186 St__ Taxpayer ID # __65-0279310__

City __MIAMI__ State __FL__ Zip __33157__ Phone __305 235 2067__

Year business established __14__ State Business Inc __FLORIDA__ Gross Sales (Prior 2 Months) $ __1,000,000__

Nature of business __INSURANCE AGENCY__ No. of employees ____

Legal Description ☑ Corp. ☑ Sub-S Corp ☐ Sole Prop ☐ LLC ☐ LLP  Do you accept credit cards ____ Yes ✓ No

Time in business under current ownership __14__ years  Monthly Credit Card Sales $ __0__

Bank Name __BANK OF AMERICA__ Phone ( ) ____

Contact __PERRINE BRANCH__ Account # __0015961561797__

Please provide us with two trade references  Current Balance $ __2,000__

Company Name __ELITE PREMIUM FINN__ Phone __786 486 4084__

Contact __CECILIA__ Title __Rep__

Company Name __C & M Global__ Phone __954 776 9933__

Contact __Chris hall__ Title __PRESIDENT__

## TELL US ABOUT YOURSELF

First name __PARSRAM__ Middle Initial __CECIL__ Last name __RAMBARRAN__

Social Security Number __591 78 8905__ Date of birth __1/6/45__ Email address __CECILRAM @ BELL SOUTH. N__

Home address __9701 MARTINIQUE DR__

City __MIAMI__ State __FL__ Zip __33189__ Phone __305, 233 3814__

Length of time at current address: __16__ Years ____ Months ☑Homeowner ☐ Rent  Monthly payment $ ____

Gross Salary $__30,000__ % ownership __100__ Title __PRESIDENT__ Married ✓ Yes ____ No  If yes, spouse's name __ROMATEE__

Are you a US Citizen ✓ Yes ____ No  If not, are you a US Resident ____ Yes ____ No  Estimated Property Value $ __250,000__

Does your company have any open loans or leases: ✓ Yes ____ No $5,000  Do you own any other businesses ____ Yes ✓ No

## AGREEMENT

By completing and signing this form I authorize the release of information requested by corpcred and/or a third party to assist me in obtaining financial. Such information may include, but is not limited to, information pertinent to savings deposits, checking accounts, employment history and credit rating. I understand that a non-refundable $19 application fee is required when application is submitted to a lender. I further certify that all of the information provided is accurate to the best of my knowledge.

Signature ____ Name __CECIL RAMBARRAN__ Title __PRESIDENT__ Date __2/18/05__